## SUPREME COURT.

### STANNARD agt. MATTICE.

Where a summons has been served on only one of two defendants, who are severally as well as jointly liable, the plaintiff may proceed against the defendant served, as if he were a sole defendant; otherwise, if the defendants are liable jointly and not also severally. In the latter case the judgment must, in form, be entered against both defendants.

Where several causes of action are improperly joined, the remedy is by demurrer and not by motion to set aside the complaint.

Where a party is not within the county in which the attorney resides, the attorney may verify a pleading, though the action or defence be not founded on a written instrument in possession of the attorney, and though all the material allegations of the pleading may not be within the personal knowledge of the attorney. But in such case the attorney must set forth in the affidavit of verification his knowledge, or the grounds of his belief on the subject, and the reasons why it is not made by the party.

*Albany Special Term, July* 1852. The defendant moved to set aside the complaint served in this action on the following grounds:

1. The variance between the complaint and summons in the parties to the action.

2. The complaint contains a claim against Adam Mattice upon a separate liability alone in connexion with a claim for equitable relief.

3. The verification is irregular in being made by the attorney.

The place of trial named in the complaint was the county of Schoharie.

The verification was in the following words:

" *State of New York, Otsego County, ss:* Abraham Baker, of Worcester in the county of Otsego, being duly sworn says, that he has read the foregoing complaint, and that he knows the contents thereof and knows the same to be true, except as to the matters therein stated to be on information and belief, and as to those matters he believes the same to be true. That the reason plaintiff does not make this affidavit is that he resides in Albany county. Deponent has more knowledge of the record evidence and proceedings than the plaintiff; that he, this deponent, has been the plaintiff's attorney in all the proceedings set out in the complaint and knows the existence thereof as therein stated; of the deed in the clerk's office; heard the defendant admit the fact that said deed was executed when he was not present, and when said Henry Mattice was on his way off to leave this state. Deponent knows the fact from information that Henry Mattice was unembarrassed and owed no debts, and was in easy circumstances in January 1850; that the plaintiff is a poor man and that it will be an unnecessary expense to send to him to make oath to his complaint, and further deponent says not.

ABRAHAM BECKER.

Subscribed and sworn before me, July 3, 1852.

EZRA D. MUDGE, *Justice of the Peace.*"

The other facts sufficiently appear in the opinion of the court.

J. H. REYNOLDS, *for Defendant.*

J. K. PORTER, *for Plaintiff.*

PARKER, Justice.—The first point is not tenable. Though the summons was issued against both Henry Mattice and Adam Mattice, it was served only on the latter. It appears from the papers that the defendants named in the summons are severally as well as jointly liable; and in such case the plaintiff is at liberty to proceed against the defendant served, in the same manner as if he were the only defendant (*Code,* § 136, *sub.* 2). It is only where the defendants are jointly and not also severally liable, that judgment is necessarily to be entered against all the defend-

ants (§ 136, *sub.* 1). The plaintiff gave notice with his complaint, at the time of service, of the reason why he proceeded against Adam Mattice alone.

The second ground for this motion is equally untenable. If several causes of action have been improperly united, the remedy is by demurrer (*Code,* § 144, *sub.* 5).

The third objection is, that the verification is irregular in being made by the attorney. Under this point, it is not claimed that the verification may not be made by the attorney, but that the verification being made by the attorney is insufficient. Without enquiring whether a complaint can be set aside for such a reason, and whether the defendant ought not, in such case, to treat the complaint as one not verified, I shall consider the question which the counsel preferred to submit, viz: the insufficiency of the verification.

Section 157 of the Code provides that the verification shall be made by the party, if such party be within the county where the attorney resides, and capable of making the affidavit. In no other case does the statute require the verification to be made by the party. But the same section further provides that the affidavit may also be made by the agent or attorney, if the action or fence be founded upon a written instrument for the payment of money only, and such instrument be in the possession of the agent or attorney; or if all the material allegations of the pleading be within the personal knowledge of the agent or attorney. In either of these two cases last provided for, the affidavit may be made by the agent or attorney, wherever the party may be; that is to say, even though the party may be within the county where the attorney resides. It is contended by the defendant's counsel that unless the action be founded on a written instrument in possession of the attorney, the attorney can in no case verify the complaint, without swearing that all the material allegations are within his personal knowledge. In other words, that an attorney can verify no allegation on his belief, as a party may do. That this is a wrong construction, is evident from the next clause of the same section, which provides that "where the pleading is verified by any other person than the party, he shall set forth in the affidavit his knowledge, or the grounds of his belief on the

Stannard agt. Mattice.

subject, and the reasons why it is not made by the party." It is evident, therefore, that there may be cases in which an attorney may verify allegations on his belief.

Although the best form of expression to indicate the intentions of the legislature is not employed in the section in question, yet, I think, the intention can not well be mistaken, if effect is given, as it ought to be, to all parts of the section. That intention is, that the pleading shall be verified by the party, if within the county where the attorney resides. If not, it may be verified by the attorney. It may also be verified by the attorney whether the party is within the county or not, when it rests on a written instrument in the possession of the attorney, or when the attorney has personal knowledge of all the material allegations of the pleading; and in all cases, the attorney must state in his affidavit of verification, his knowledge or the grounds of his belief, and the reason why it is not made by the party.

Reference has been made to Hunt vs. Meacham (6 *How. Pr. R.* 400), to show that in all cases not founded on a written instrument, the attorney must have personal knowledge of all the material allegations of the pleading. It does not appear by that case where the attorney resided; and though the language of the decision is broad enough to cover the position taken by the defendant's counsel, it must be construed with reference to the facts before the court. I do not think the learned justice regarded that case as presenting the same question involved here.

The motion must be denied, but without costs.