# SUPREME COURT.

## John Leahey agt. James Kingon and another.

Where *judgment* has been entered against *joint debtors*, on confession, by authority of the attorney employed by *one of the defendants only*, after service of process upon the latter defendant,

*Held*, that the judgment, execution and levy on the joint property of the defendants, could not be set aside on motion of the defendant not served, on the ground that he did not authorize the appearance and confession of judgment.

In other words, one partner has authority to confess judgment for both, which may be enforced against the joint property of both, and the individual property of the one served.

*New York Special Term, November*, 1861.

MOTION by the defendant Kingon to set aside a judgment entered against the defendants upon the authority of an attorney employed by the defendant Elmore. The defendants were partners in the city of New York, and were indebted to the plaintiff in the sum of $5,000, for moneys loaned. On the 16th September, 1861, the plaintiff commenced an action against the defendants to recover the amount so loaned, and caused the summons and complaint to be served upon the defendant Elmore, who thereupon employed an attorney in the firm name, and authorized him to appear for the defendants and offer to let the plaintiff take judgment against them for the amount claimed in the complaint. The attorney appeared accordingly, and served an offer on the plaintiff's attorneys, on the 17th September, which offer was duly accepted on the same day, and on the 18th September judgment was entered upon the offer, in form, against both defendants, upon which execution was immediately issued and levied upon the partnership property. The defendant Kingon was never served with the summons, nor did he employ the attorney to appear for him, though the weight of evidence showed that he had authorized his copartner to secure the plaintiff by giving him goods, or in such other way as he thought proper.

SHEA & RICHARDSON, *for defendant Kingon.*
CRARY & ELMORE, *for the plaintiff.*

INGRAHAM, Justice.    Since the statutes of 1833, in actions against joint debtors, it was regular, where only one was served with process, to take judgment against both, and enforce such judgment against the joint property of both and the individual property of the one served.    The 136th section of the Code continues that practice, and authorizes expressly that the judgment may, in such a case, be enforced against the joint property of both, and the separate property of the one served.    That this course was proper, was also held by the supreme court in *Pardee and others* agt. *Haynes & Merriam,* (10 *Wend.,* 630 ;) and it was also decided in that case, that a confession of judgment made by one partner when the other was not served was good, and the execution issued thereon bound the partnership property.    And the same rule has been approved since the Code, in *Stannard* agt. *Mattice,* (7 *How. Pr. R., p.* 4.)

In this action an attorney for both defendants entered an appearance by order of one of them, and consented that the plaintiff might take judgment against both for a sum named therein.    The defendant Kingon denied that he gave such authority, and now moves to set aside the judgment and execution.    The execution has been levied on the partnership effects.

As to the authority of the partner to confess the judgment for both, I think the weight of testimony is in favor of such authority.    Although nothing was said of any particular authority to confess a judgment, yet the affidavits show that Kingon always expressed a willingness to secure the plaintiff, and authorized Elmore to do so by turning out to him goods, or in some other way securing the plaintiff for the defendant.    The assent of Kingon to the acts of his partner may well be presumed.    But even conceding that such assent could not be inferred from the testimony,

it would furnish no ground for setting aside the judgment. Without any appearance from Kingon, the appearance and confession of judgment by Elmore would authorize the judgment to be entered nominally against both, and the levy of an execution on the partnership property. The only effect of the want of authority would be to strike out the appearance and consent of the attorney as far as relates to Kingon. This would not affect the validity of the judgment or execution as to the other defendant, or as to the partnership property. There are some cases cited by the defendant's counsel, apparently in conflict with this view, but on examination it will be seen that they can be distinguished from it. The case of *Everson* agt. *Gehrman & Everson*, (10 *How.*, 301,) is relied on, but in that case Judge MITCHELL put his decision expressly on the ground that it appeared there was collusion between the plaintiff and the other partner. In that case he said it was unnecessary to decide whether an offer to confess judgment after suit brought by one defendant in good faith on behalf of both would not sustain the judgment. And in *Binney* agt. *Le Gal & Bouland*, (19 *Barb. R.*, *p.* 592,) both defendants had been served with process, and one defendant, without authority, as defendant and not as attorney, confessed judgment for both, and without an attorney; and Justice MITCHELL says, where an attorney appears for both, and there is no connivance in employing him, his appearance on the judgment may make the judgment regular.

I do not, however, concede that even in those cases there would have been any propriety in setting aside the judgment as to the other partner, or in setting aside the execution, upon the ground that the judgment did not bind the partnership property, on the confession of one defendant. In the latter case it might have been set aside upon the ground that the process had been served on both, and the time for one to answer had not expired; but that ground does not apply to this case. In neither of these cases was

the judgment set aside, and in the latter the judgment was only set aside as to one defendant.

It may be that the defendant had a good counter-claim against the plaintiff for part of his claim; and if the motion had been made to allow the defendant to answer, it might have justified the court in opening the judgment for the purpose of that inquiry. But the motion is to set aside the whole judgment, and as there is no doubt shown as to the plaintiff's responsibility, and the counter-claim can, if valid, be collected from him by action, and as it appears that the plaintiff's claim would be lost in consequence of subsequent attachments, I do not think that justice requires any relief to be given in the action.

Motion denied, with $10 costs.