### JOSEPH MERWIN v. JOSEPH L. BALLARD.

The enactment in the Revised Code, ch. 31, sec. 84, that "in all cases of joint obligations or assumptions of co-partners in trade or others, suits may be brought and prosecuted on the same against all or any number of the person making such obligations, assumptions or agreements," is repealed in effect as to suits upon parol contracts made after the adoption of the C. C. P., by the 62d section of that Code, but such contracts made before that time are exempted from its operation by section 8, sub. div. 2 of the same.

In a suit upon a contract made prior to the adoption of the C. C. P., if the defendant demur for want of parties in the Superior Court, and the demurrer be sustained and the plaintiff appeals to this Court, the plaintiff will be entitled to a final judgment here upon the overruling of the demurrer.

The case of *Ransom* v. *McClees*, 64 N. C. Rep. 17, cited and approved.

This was a civil action, in which the complaint was for goods sold and delivered to the defendant in the year 1860, but an account annexed to the complaint showed that the goods were bought by the defendant and one Joyner. The action was brought in the year 1870, and the defendant appeared, and under the C. C. P., sec. 95, demurred to the complaint for the want of parties, as it appeared that Joyner was jointly liable with the defendant. The demurrer was sustained by his Honor, *Jones, J.*, at the last Term of the Superior Court for PITT County, and the action dismissed, and from this order the plaintiff appealed.

*Battle & Sons* for the plaintiff.
*G. W. Johnston* for the defendant.

DICK, J. The plaintiff alleges that he sold and delivered certain merchandise to the defendant. In the account of sale set out in the complaint, it appears that said merchandise was sold by plaintiff to Ballard & Joyner. The defendant demurs, and assigns as cause of demurrer the non-

joinder of the other joint purchaser, as a defendant in the action.

At common law in actions *ex contractu,* the general rule is, if the contract be joint the plaintiff must sue all the persons, who either expressly or by implication of law made the contract. If one of them be dead, then upon suggesting that fact in the declaration, the action may be brought against the survivor alone, 2 Mod. R. 280.

In general a person is presumed to be living until it be proved that he is dead, unless seven years have elapsed since he was heard of. 2 East, 313.

In such actions brought against some only of several persons who should have been jointly sued, the defendants must plead the non-joinder in abatement, there being no other way of taking advantage of it; unless it appear on the face of the declaration, or some other pleading of the plaintiff that the party omitted, is still living, as well as that he jointly contracted, in which case the defendant may demur, &c.

The statute (Rev. Code, ch. 31, sec. 84,) changed in some respects this rule of the common law as to the joinder of defendants in actions *ex contractu,* and "in all cases of joint obligations and assumptions of copartners in trade or others," allowed suits to be brought against all or any of such persons thus jointly liable. The C. C. P., secs. 62, 392, virtually repealed this statute, except as to "persons severally liable upon the same obligation or instrument, including parties to bills of exchange and promissory notes." C. C. P., sec. 63. When the action is against two or more defendants and the summons is served on one or more, the plaintiff may proceed in the manner provided by C. C. P., sec. 87.

The rule of the common law requiring the non-joinder of defendants in actions *ex contractu,* to be pleaded in abatement, has also been changed, and the omission of a necessary party defendant may be taken advantage of by demurrer

when the defect appears upon the face of the complaint.   C.
C. P., sec. 95.

We have thought proper to discuss the questions present-
ed in the elaborate argument of counsel, but they do not
govern the case before us, as the action is founded upon a.
contract made prior to the ratification of the C. C. P.; such
cases are governed by the law existing before that date..
C. C. P., sec. 8, par. 3, 4.

Under the statute above referred to (Rev. Code, ch. 31,.
sec. 84,) the plaintiff had a right to sue the defendant separ--
ately upon the joint contract.

The demurrer must be overruled, and as this case is gov-
erned by the old mode of pleading, the plaintiff is entitled
to final judgment in this Court.   *Ransom* v. *McClees*, 64 N..
C. 17.

PER CURIAM.                         Judgment affirmed.