THE NAVASSA GUANO COMPANY OF WILMINGTON *v.* WILLIAM H. WILLARD.

Where an action was instituted, and judgment obtained against A B & Co., upon a bill of exchange, and C, who was a secret partner in the firm was not joined as defendant, and the plaintiff afterwards, and more than three years after the cause of action accrued, discovered that C was a partner, and instituted an action against him: *Held*, that the action was barred by the statute of limitations.

CIVIL ACTION, to recover the value of a bill of exchange, tried before *McKay, J.,* at Spring Term, 1875, ORANGE Superior Court.

All facts necessary to an understanding of the case, as decided, are stated in the opinion of the Court.

There was a verdict and judgment in favor of the plaintiff, and thereupon the defendant appealed.

PEARSON, C. J. It is not necessary for this Court to decide the questions of evidence, made on the trial, or the question of jurisdiction made by the answer, for assuming, as found by the jury, the fact to be that the defendant was a partner in the firm of " Morris & Son," we are of opinion that the action was

barred by the statute of limitations, which is relied upon as a defence.

The statute of limitations began to run at the date of the payment, which was more than three years before the commencement of this action, and is a bar unless the plaintiff can repel it, which the plaintiff attempts to do, by taking the position that this is not an original action, but a proceeding under C. C. P., sec. 318.

Upon its face, this is an original action against one who has been discovered to have been a member of the firm as a *secret partner.*

If it be an original action, the Statute Limitation is a bar. Taking this to be a proceeding under C. C. P. sec. 318, which we do (on the assumption that the counsel of plaintiff must have known that an original action could not have been brought in the county of Orange, and that it was barred by the statute of limitations) we are of opinion that the plaintiff does not repel the bar of the statute by force of the provisions of C. C. P. 818, and the other sections bearing upon the subject; for the case does not come under any of the provisions of C. C. P.

Sec. 318, provides that " when a judgment shall be recovered against one or more of several persons jointly indebted upon a contract by proceeding as provided in sec. 87, &c."

Sec. 87 provides, " when the action is against two or more defendants, and the summons is served on one or more of them, but not on all of them the plaintiff may proceed as follows," &c.

Our case does not come under this section, for it applies to actions brought against joint contractors or partners. The original action was not brought against Willard as a joint contractor or a partner, although he is named in the summons; the complaint in this action sets out, " the summons in the first action was not served on W. H. Willard, because at that time plaintiff was not informed that he was a member of the firm, as now alleged ; and information to this effect has come

to the plaintiff within the last twelve months," and the *complaint in the first action* avers " that the firm of R. F. Morris & Son consists of R. F. Morris and demands judgment against R. F. Morris, and the firm of R. F. Morris & Son " makes no allegation that Willard was a partner, and demands no judgment against property in which he had any interest. So the case must be reviewed as if Willard had not been named in the summons, and the question is, does the C. C. P. take from him the benefit of the statute limitation, it being afterwards discovered that he was a partner of Morris?

Sec. 318, refers to sec. 87. That section only applies to an action against two or more defendants and the summons is not served on all; here it is admitted the action was not against Willard. The case then does not fall under the general words of this section—it does not fall under paragraph 1 of the section that contemplates an action against two or more defendants as jointly indebted. The summons not served on one, and authorizes judgment against him, " so far only that it may be enforced against the joint property of all." This does not cover our case—paragraphs 2 and 3 have no bearing, and the matter turns upon paragraph 4.

This was intended to prevent a partner, who was not served with the summons from defeating an action against him on the ground that judgment had already been taken against his co-partner, and so the cause of action was merged in the judgment, and authorizes an action against him separately, provided the first judgment remains unsatisfied. This is our case; Willard does not rely upon a merger of the cause of action by the judgment against Morris, and puts himself on the ground that being now sued separately, the action is barred by the statute of limitations, and that he is not to be prejudiced by what had been done between the plaintiff and Morris; for he was not a party to the " *res gestæ*," and being now called into Court for the first time, claims the protection of the statute against a State demand.

Feeling the force of this position the counsel for plaintiff

fell back on sec. 322. This does not serve his purpose, for it is apparent by perusal of sections 319, 320, 321 and 322, that these sections provide only for cases where a *judgment debtor* dies, and his administrator, heirs or devises, are to be charged.

Error. Judgment reversed. Judgment for defendant to go without day and recover costs.

PER CURIAM.                                    Judgment reversed.