## MICHAEL RUFTY v. CLAYWELL, POWELL & CO.

*Joint and Several Contracts—Statute of Limitation.*

1. Under the former practice, if an action was brought on a joint contract, and the plaintiff took judgment against a part only of those liable thereon, there could be no recovery in a subsequent suit against those omitted; but it was different where, as in tort, the liability was several.

2. By §187, of The Code, all contracts are several in legal effect, although joint in form.

3. Where a judgment was obtained against two members of a firm, and more than three years after the cause of action accrued, but within three years after obtaining such judgment, the creditor issued a notice, under §223 of The Code, to another member of the firm who was not served in the action in which the judgment was obtained, to show cause why he should not be bound by the judgment, to which the statute of limitation was pleaded; *It was held,* that issuing such notice is the beginning of a new suit; that the action is open to every defence which could have been set up if there had been no previous recovery against the other partners, and is barred by the statute.

(*Merwin* v. *Ballard*, 65 N. C., 168, cited and approved).

CIVIL ACTION, tried before *MacRae, Judge,* and a jury at Spring Term, 1885, of CATAWBA Superior Court.

The plaintiff commenced his action on February 10, 1880, by the issue of process against the three defendants constituting the partnership firm of Claywell, Powell & Co., for the recovery of the amount due on a promissory note given on September 30, 1878.

The summons was duly served on two of the partners, A. M. Powell and P. C. Shuford, but not on the partner J. A. Claywell, nor was any *alias* summons afterwards issued as to him. The complaint having been filed, and a contesting answer put in by the two former, the cause came on for trial, and at Spring Term, 1881, the following judgment was entered :

"It is by consent and on compromise, considered by the Court, that the plaintiff have and recover of the defendants, the sum of six hundred and eighty-seven dollars, with interest on six hundred dollars from date till paid, and costs to be taxed by the Clerk."

On July 18th, 1883, the plaintiff sued out a summons under §223 of The Code, against the partner Claywell, upon whom process had not before been served, commanding him to appear at the next term, and show cause why the judgment rendered against the other partners should not be made absolute and bind him individually.

To this summons he made answer denying that he was a partner when the note sued on was executed, contesting the plaintiff's right to proceed against him otherwise than by a new action, and also setting up the bar of the statute to the demand.

Upon the trial, the plaintiff's counsel contended :

1. That the answer filed by defendant Claywell did not raise the plea of statute of limitations.

2. That the defendant Claywell was bound by the judgment against Powell and Shuford, and could not plead the statute of limitations.

It was agreed that if his Honor, on this state of facts, should be of the opinion that the statute of limitations would avail the defendant, and that it ran in his favor from the execution of the note sued, viz: September 29th, 1878, until the issuing of the notice in this case in July, 1883, that the plaintiff could not recover.

His Honor being of the opinion that the statute ran in favor of the defendant from the date of the note in 1879, notwithstanding the suit against Claywell, Powell & Shuford, in 1880, instructed the jury to return a verdict for the defendant on the statute of limitations.

Plaintiff excepted. The other issues in the case were not passed upon by the jury. Verdict for the defendant, and from the judgment thereon, the plaintiff appealed.

*Messrs. Batchelor & Devereux,* for the plaintiff.
*Mr. Jno. G. Bynum,* for the defendant.

SMITH, C. J., (after stating the facts). The sole question presented in the appeal, is whether the running of the statute was

arrested as to all the partners by the institution of the original action, or continued for the protection of the appellee, because not prosecuted by the issue of an *alias* summons against him.

The preceding section of The Code, makes separate provisions for prosecuting the action on liabilities that are joint, and liabilities that are several; and it is to the former that the four following sections apply. Under the rules of pleading, according to our former system, if the action was upon a joint contract and the plaintiff took judgment against a part only of those liable, there could be no recovery in a subsequent suit against those omitted, for the reason that the contract was merged in the judgment, while not being parties to the judgment, they were not bound by its rendition.

It was otherwise as to contracts that created a several liability, and to such, as in case of torts, a judgment against one or more, left their separate liabilities in force, and them exposed to a subsequent action in like manner as if no judgment had been rendered against the others.

To obviate the legal consequences of a judgment against some of the joint obligors in extinguishing, through the merger, the cause of action against the others, is the manifest purpose of this innovating legislation introduced in the new system of pleading and practice. Such is the view taken by Mr. Freeman in his work on Judgments, and in our opinion it is a correct view. §§231, 233, 234.

In this State, contracts whether made by copartners or other joint obligors, were made several by statute, and the plaintiff could sue one or more at his election without impairing his right to proceed against the others afterwards. Rev. Code, ch. 31, §84. This enactment was not introduced in C. C. P., and hence, the principle governing contracts as construed at common law being restored, the necessity arose of providing the remedy contained in that Code. The omitted section, which in *Merwin* v. *Ballard*, 65 N. C., 168, was decided to have been repealed, was enacted at the session of the General Assembly of 1871–'72, ch. 24, §1, and now constitutes §187 of The Code.

The result is to render contracts joint in form, several in legal effect, and to neutralize, if not displace, those provisions which operate only upon contracts that are joint, and pursuant to which the present proceeding is conducted.

That the contract possesses the two-fold quality of being *joint* as well as *several* in law, cannot render available provisions which, in terms, are applicable to such as are *joint* only. It is solely to remove the resulting inconveniences of an action prosecuted to judgment against part of those whose obligation is joint only, that the remedy is provided, and it becomes needless when the obligation is several also. Such is the construction adopted in the Courts of New York. *Stannard* v. *Mattin*, 7 How. Pr., 4; *Lakey* v. *Kingan*, 13 Abb. Pr., 192.

We are then constrained to regard the issue of the summons against the appellee as the beginning of a new suit, and the action as open to every defence which could be set up if there had been no previous recovery of the other partners.

If §224 is so construed as to cut off any defences which the appellee might have, and, when he has had no day in Court and no notice of the suit against his associate partners, subject his individual property to the payment of the firm debt, it would be, to say the least, a harsh measure, which we should be reluctant to attribute to the Legislature as an intended result, without a very clear declaration of such intent in the statute. It permits, in cases where the proceeding may be authorized, the setting up any defence that may have arisen thereto, " subsequently to such judgment," and literally, such would be the statutory bar that since became, and was not when that action begun, a defence. But it is not necessary to pass upon this point.

There is no error, and the judgment must be affirmed.

No error.                                                    Affirmed.