1. That on or about the ....... day of ............., 1873, and since that time, the defendants above named became members of the Clinton Loan Association under articles of agreement, which said association at the time hereinafter mentioned was unincorporated and did a general banking business in the town of Clinton.
2. That in February, 1891, and prior thereto, and now, the persons named in the second defense of the answer of A. F. Johnson and others were also members and shareholders of said association.
3. That at the times mentioned in the complaint the plaintiff, M. Hanstein, deposited with said association the amounts of money therein set out, and took certificates of deposit therefor, by which said association promised to pay the plaintiff the said amounts so deposited, with six per cent interest on the same from the date of deposit, after a notice of thirty days, amounting in all to the sum of $5,099.50, as is fully set out in the second article of the complaint.
4. That on 7 December, 1891, the plaintiff demanded payment of said sums of money of said association, and gave notice that payment thereof was required.
5. That on 22 December, 1891, a receiver was duly appointed (255) in an action duly instituted in the Superior Court of Wake County, wherein the State of North Carolina and Donald W. Bain, Treasurer of said State, are plaintiffs, and the said association is defendant, for the purpose of winding up and settling the affairs of said association in accordance with the provisions of chapter 155, Laws 1891, to take charge of the assets of said association upon the ground that the same was insolvent.
6. That said receiver of said association has now in his possession the assets of said association to a large amount, the exact value of which is not now ascertainable and which have not been administered.
7. That prior to the institution of this action the plaintiff obtained an order from Hon. H. G. Connor, then holding the courts of the Fourth Judicial District, for permission to institute this action and to prosecute the same to judgment. The petition on which said order was granted and said order are made a part of these facts.
8. That the plaintiff does not seek to interfere with the possession of said receiver, but to establish his debt and to obtain a lien upon the individual property of the members of said association. *Page 212 
9. That some of the members of said association, now reputed to be men of wealth and large means, to wit, O.P. White, James Moore and James Stevens, have within the last ninety days executed conveyances by which large parts of their estates have been disposed of.
10. That said receiver has instituted no action against the defendants upon the certificates set out in the complaint.
11. That said association is insolvent, owing about $100,000 to a great number of creditors in varying amounts, and that twelve of such creditors have already brought separate suits against these defendants, or some of them, to enforce an alleged individual liability, and a (256) good many other creditors of said association are threatening to bring similar separate suits against these defendants, or some of them, in the Superior Court, and in the courts of justices of the peace in Sampson, to enforce such individual liability.
Upon consideration of the foregoing facts, the court gave judgment in favor of the plaintiff and against the defendants.
From which judgment the defendants appealed to the Supreme Court upon the following grounds:
1. That his Honor erred in holding that all the shareholders in said association are not proper and necessary parties to this action, but that the plaintiff can maintain the same against a part of said shareholders.
2. That his Honor erred in holding that the defendants were individually and primarily liable to the payment of the plaintiff's debt and that such liability can be enforced in this action and need not be sought in the action in which said receiver was appointed, or in an action brought by said receiver on behalf of all the creditors of said association against all the stockholders of said association.
3. That his Honor erred in holding that the defendants were primarily and individually liable to the payment of plaintiff's debt and not secondary to the primary liability of said association, and that it was not necessary to first exhaust the assets of said association before subjecting the individual shareholders to the payment thereof.
4. That his Honor erred in holding, under the facts and circumstances of this case, that a single creditor of said association could maintain his action against a part of said shareholders, and that such defendant or defendants could not set up as a defense the fact that said association was insolvent; that its debts consisted of a great number in varying amounts to different creditors, aggregating about $100,000, and that all said creditors had brought, or were threatening to bring, separate actions in the Superior Court and in the courts of justices of (257) the peace. *Page 213 
In Bain v. Loan Assn., ante, 248, we have decided that the association of that name, and of which the defendants were members, was a partnership, and that, since in this State all contracts are several, each member was liable to each creditor for the whole amount of his claim.
In addition to what is said in the opinion filed in that case upon this subject, it may be remarked that individuals associated together in a business and claiming to be a corporation and exempt from individual liability for the contracts of the association, in order to shield themselves from such liability, must be able to show that this legal entity exists by virtue of some special or general act of a legislative body capable of chartering — giving life to — a corporation. The defendants show no such charter. No special act had conferred on their association corporate existence, and they had not complied or attempted to comply with the terms of the general law (The Code, ch. 16) so as to acquire such existence through its provisions. Indeed, the business in which they were engaged (a general banking business) was such as to preclude them from availing themselves of the facilities of that law for creating and organizing a corporation. Banking and insurance companies cannot become corporations in this State except by special act of the General Assembly, being excepted from the provisions of the general law. The Code, sec. 677.
It was contended by defendants' counsel that inasmuch as their (258) association was a joint stock company it was an incorporated
joint stock company, or a corporation by virtue of sections 1 and 3 of Article VIII of the Constitution of the State. These sections of the organic law are not intended to create corporate existences, but are directions to the Legislature not to grant special charters to corporations (which word by force of section 3 includes joint stock companies) except in cases where, in the judgment of the Legislature, the object of the corporation cannot be attained under general laws. Chapter 16 of The Code, and the acts amendatory thereof, have been adopted in compliance with the mandates of this article. The General Assembly has not seen fit to provide for the organization and incorporation of "joint stock companies" as has been done in England and also in New York, the Constitution of which State is in this respect the same as ours.
When we have determined that the claim of the plaintiff is against a copartnership, of which the defendants were members, we have virtually overruled all their exceptions to the judgment from which they have appealed. They are jointly bound to him, and, because of this *Page 214 
joint liability, the plaintiff and each partner has a right to demand that the joint property shall be applied to the satisfaction of the joint liabilities. But they are severally bound to him also, under the statutes of this State, in which all contracts are joint and several, and the plaintiff may sue any one or more of the partners as he wills. The Code, secs. 187, 222. Nor does the fact that the partnership is insolvent, that is, that the joint property is not sufficient to pay the joint or partnership debts, or the fact that a receiver has charge of the partnership assets, no matter at whose instance, deprive the creditor of that right. Nor can he be stayed in his efforts to secure the money that is due (259) him because of the fact that there are a great many creditors in like condition with himself, and that there will, therefore, be a multiplicity of suits. The law favors, not hinders, the diligent. A court will sometimes interpose to prevent a multiplicity of suits, but the facts set out in this case do not at all warrant any such interposition.
AFFIRMED.
Cited: Faison v. Stewart, post, 333; Dunn v. Johnson, 115 N.C. 256;Daniel v. Bethell, 167 N.C. 219; Wood v. Staton, 174 N.C. 254.