M. L. T. DAVIS & CO. v. J. W. SANDERLIN, et al.

*Limited Partnership—Publication of Articles Necessary, Otherwise Partnership General—Jurisdiction of Justice of Peace—Several Contract—Joint and Several Contract—Contract When Several Not Merged in Judgment Against Two of Three Persons Severally Liable— New Action Proper When Contract Is Several—Motion in the Cause When Contract Is Joint—Constable of City or Town, Service of Process by.*

1. In addition to a compliance with the other requirements of Section 3096 of *The Code*, publication of the terms of the partnership in a newspaper, as .directed by said section, is indispensable in order to constitute a limited partnership ; if such publication be omitted, the partnership is general.

2. Where the liability of a defendant sued in a justice's court as a general partner of a partnership indebted to plaintiff depended upon the legal sufficiency of the articles of limited copartnership and matters connected with their registration and publication, and there being no equities to adjust, the justice had jurisdiction and a motion to dismiss for want of such jurisdiction, and on the ground that it was necessary to bring an action in the superior court to declare the articles void, was properly refused.

3. A justice of the peace when out of his township may issue a summons returnable and hearable within his township.

4. Where a judgment is taken against two of three partners who are liable jointly and severally, the proper method to enforce the liability of the third partner is a new action and not a motion in the action in which such judgment was rendered ; it is only when the liability is joint and not several that the motion in the cause is proper.

5. A city or town constable has no authority to serve beyond the limits of his town or city process directed to " a constable or other lawful officer of the county;" to authorize him to make such service the process must be directed to him, not necessarily in his individual name as such officer, but in the name of the office he holds.

DAVIS *v.* SANDERLIN.

CIVIL ACTION, heard on case agreed before *Boykin, J.*, at Special Term, 1896, of BERTIE Superior Court, on appeal from a judgment of Justice of the Peace.

There was judgment for the plaintiffs and defendant Mebane appealed. The facts sufficiently appear in the opinion of Associate Justice MONTGOMERY.

*Messrs. Martin & Peebles*, for plaintiff.
*Messrs. T. D. Winston* and *St. Leon Scull*, for defendant Mebane (appellant).

MONTGOMERY, J.: The parties to this action agreed upon the facts, and submitted the same to the court below, that judgment might be entered according to the opinion of his Honor. It appears from the facts agreed on that the articles of limited partnership between the defendant Mebane and his former partners were drawn according to the requirements of the law, and that they were registered in the proper county. But it does not appear that they were published in a newspaper as required by the statute. Section 3096 of *The Code* provides that " the terms of the partnership (limited) must be published, immediately after its formation, for six successive weeks, in at least one newspaper in the same county, or near the place of said partnership business, and if such publication be not made the partnership shall be deemed general." The partnership, therefore, was a general one because of this failure to have the articles limiting the same published. We are not inadvertent to the fact that the argument of counsel for both the plaintiffs and defendant, contained in their printed briefs, make no point of this failure to publish the articles of the intended limited partnership. The main contention of counsel was over another point, viz.: Whether the articles were not void because the amount contributed by

Mebane consisted of a bond and mortgage for three hundred dollars with which it is admitted three hundred dollars' worth of goods were bought and put into the partnership business, *instead* of being in actual cash.   It might be that the contribution of the bond and mortgage in this particular case would be a compliance with the statute, for the reason that with the security as much in value of goods was bought and put into the common stock as three hundred dollars in money would have purchased, without discount.   But the arguments of counsel do not necessarily set forth the ground on which the court gave judgment for the plaintiffs.   The judgment was based on the facts agreed upon ; and as we have seen, those facts do not show that the articles of partnership (limited) were published ; and hence, as a matter of law, the partnership was a general one, and his Honor was bound so to declare.

The defendant *in limine* moved, both in the court below and in the court of the justice in which the action was originally begun, to dismiss, first, because " that a court of the justice of the peace has no jurisdiction to try the subject-matter of this action ; to charge Mebane, as a general partner, it was necessary to bring an action in the superior court to declare void said articles of partnership."

The plaintiffs sought to recover from the defendant $189, due by account for goods sold to the firm, and the liability of the defendant was a question of law depending upon the legal sufficiency of the articles of limited partnership and matters connected with their registration and publication.   No equities were to be adjusted between the partners.   It was a naked question as to whether the defendant Mebane was liable with the other defendants for the price of the goods.   There is nothing in the motion.

The second objection was, 2, "That a justice of the peace, while out of his township, cannot issue a summons returnable to his township, as was done in this case, but must always be in his township when issuing process." It nowhere appears in the record that the justice issued the summons outside of his township. If he had issued it in the county, however, it would not have been objectionable, provided he heard the matter in his own township.

The third ground urged for dismissal was, "3. That a motion in the action tried before Gilliam, J. P., in which judgment on his account was rendered as set out in the answer, was the legal mode of binding the defendant Mebane by said judgment, and not an original action as in this case."

The plaintiffs in a former action had procured a summons to be issued by Gilliam, J. P., against all three of the partners, including the defendant Mebane, for the same cause of action, and they had recovered judgment against the other defendants only, the defendant Mebane not having been served with the summons. No part of that judgment had been paid when the last action was brought against the defendant Mebane.

A new action was the proper remedy in cases like this, as is admirably shown in the opinion of SMITH, C. J., in the case of *Rufty* v. *Claymore, Powell & Co.*, 93 N. C., 306. In that case the manner of procedure was exactly as the defendant contended ought to have been followed by the plaintiffs in this action, and the Court held the motion the beginning of a new action.

The procedure by motion is only to be had in cases where the contract is joint only, and not in cases where the contract is joint and several, as in the case at bar. The contract in the case before us is several, (Section 187 of *The*

*Code*,) and it does not merge in the judgment as it would have done if the contract had been joint only.   Section 223 of *The Code* refers to contracts joint only.

But the last objection is a valid one.   It is as follows: "4.  That J. D. Perry, being a constable only of an incorporated town, and not a township or general constable, had no power or authority to serve the summons in this action." Section 3810 of *The Code* provides that " it shall be lawful for city and  town constable to serve all civil or criminal process that may be directed to them by any court within their respective counties, under the same regulations and penalties as prescribed by law in the case of other constables."

Before the enactment of that statute the  constables of cities and towns, as constables, were not authorized under any circumstances to serve  process outside of the limits of their  respective cities and towns, although the process was directed  " to any constable or other lawful officer of said county."   These words referred to the constables appointed or elected for the several townships of the county, to the sheriff, to the coroner under certain circumstances.   They refer to the same officers now ; and to authorize a town or city constable to execute process outside of his town or city the  process must be directed to him in that capacity. It is not  necessary that the process should be directed to him in  his individual name as town or city constable, but it must be directed to him in the name of the office he holds, that is as constable of a certain city or town.

We have discussed all of the exceptions because they are almost certain to arise in another trial of this matter.   This action ought to have been dismissed because the summons was served upon the defendant by an officer not authorized by the law to serve it.                               Error.