L. D. LOWE et al. v. R. HARRIS et al.

*Practice—Trial—Service of Process—Town Constable—Appointment of Guardian ad Litem—Power of Clerk.*

1. Although a contract for the purchase of land, relied upon by the defendant in his answer in an action to recover land, appears by the pleadings (in which the plaintiff set up the Statute of Frauds) to be void, nevertheless it was error, upon the call of the case for trial in the Court below to render judgment upon the pleadings, the defendant, in such case, being entitled to have the case proceed to trial and to have the plaintiff to make out and recover upon the strength of his own title and not upon the weakness of the defendant's.

2. Where a town charter provides for the appointment of a Chief of Police or marshal and authorizes him to execute all process directed to him by the Mayor or others and declares that, in the execution of such process, he shall have the same power, etc., which Sheriffs and Constables have, the service by such officer of a summons directed to "the Sheriff of W. County or town Constable of W. town" is valid. (*Davis* v. *Sanderlin*, 119 N. C., 84, distinguished).

3. Under Chapter 389, Acts of 1887, the Clerk of the Superior Court has power to issue summons against infant defendants ordered to be made parties to an action pending and for trial at Term and to appoint a guardian *ad litem* for them.

CIVIL ACTION heard before *Greene, J.*, at Spring Term, 1897, of WILKES Superior Court. His Honor rendered judgment for the plaintiff upon the pleadings and defendants appealed.

*Mr. W. W. Barber*, for defendants (appellants).
No counsel, *contra.*

MONTGOMERY, J.: In the opinion delivered in this case at February Term, 1893, and reported in 112 N. C., 472, a new trial was granted on the sole ground that the defendant had been allowed on the trial to introduce parol evidence to locate and identify the tract of land, the subject of the action, the description in the written contract to convey being so indefinite as to amount, in law, to no description

LOWE *v.* HARRIS.

whatever. On the call of the case in the Court below at Spring Term, 1897, his Honor, seeing from the opinion handed down from this Court that the contract upon which the defendant relied had been declared by this Court to be void on its face because of uncertainty of description of the land mentioned in the contract, gave judgment for the defendant upon complaint and answer and replication, the latter pleading setting up the statute of frauds. His Honor committed error in the course he adopted. The case should have proceeded to trial; for, notwithstanding the judgment of this Court, the plaintiff (the action being for the possession of the land then occupied by the defendant) had to make out his own title and recover upon the strength of that, and not upon the weakness of the defendants'. It is true that the contract under which the defendants claimed was void, but this should have been declared by the Court below when it should have been offered in evidence. We deem it proper to take up and settle the other exceptions.

It appears that a special appearance was made by the defendants, except Roxie Barber, for the purpose of having the action dismissed on the ground that in making the heirs at law of the original defendant, who had died after the commencement of the suit, parties under the provisions of Chapter 389 of the Laws of 1887, the Clerk had exceeded his authority in appointing guardians *ad litem* for the newly made parties, infants; and on the further ground that service of the summons had not been properly made upon the defendants. The objection to the service of the summons was that it had been directed "to the Sheriff of Wilkes County or Town Constable of Wilkesboro, N. C.," and the return signed "E. M. Pardew, Constable of Wilkesboro," when in point of fact there was no such officer as "Constable" of Wilkesboro.

We think that the Court was correct in holding that the

LOWE *v.* HARRIS.

summons was duly served.    It is true that the Act of incorporation of Wilkesboro (Private Laws 1889, Ch. 24) does not designate any of the officers provided for by the specific name "Constable" but it does provide for the appointment of a chief of police or marshal, and the person who executed the summons in this case was the regularly appointed chief of police or marshal of the town of Wilkesboro.    That officer is authorized by Sections 23 and 24 of the Act of incorporation of the town to execute all process directed to him by the Mayor or others, and in the execution thereof shall have the same power which Sheriffs and Constables have, and charge the same fees for the service.

The rights and duties of a town Constable in reference to the service of process being the same with such rights and duties of the marshal of Wilkesboro, we are of the opinion that, in respect to the service of process, the difference between the two officers is only a difference of name, the names being different designations of the same office.    There is nothing in conflict between this ruling and the one made in *Davis* v. *Sanderlin*, 119 N. C., 84.    The point there was that the town constable undertook to serve the summons, which was addressed to a constable or other lawful officer of the county, outside of the limits of his town.    This Court held that only a constable appointed or elected for the County at large could serve that summons, and that a town constable could not serve process outside of his town unless the process was addressed to the town constable, not individually, but officially of course.  ·

The remaining exception is to the ruling of his Honor sustaining the action of the Clerk in issuing the summons against the infant defendants and the appointment for them of guardians *ad litem*.    We think there was no error in this ruling.    .The Clerk exercised the authority given him under

121—37

the Act of 1887, Ch. 389.    We think the Act gave the Clerk
the power he exercised.    For the error pointed out in the
conduct of the trial there must be a new trial.

New trial.