NORTH STATE FINANCE COMPANY, INC. v. H. L. LEONARD AND ELOISE G. LEONARD.

(Filed 16 December 1964.)

**1. Process § 4—**

The officer's return reciting service raises the legal presumption of due service and places the burden of proof upon the party attacking the service to rebut the presumption by evidence of nonservice.

**2. Same—**

The officer's return and corroborating testimony afford ample basis for a finding by the court that the process was duly served, notwithstanding positive evidence of nonservice, the credibility of the witnesses and the weight of the evidence being for the determination of the court in finding the facts upon motion to vacate.

**3. Courts § 2; Judgments § 19—**

If a court has not acquired jurisdiction of the parties by voluntary appearance or service of process, its judgment entered *in personam* is void and may be disregarded and treated as a nullity anywhere, notice and an opportunity to be heard being prerequisites of jurisdiction.

**4. Statutes § 4—**

A statute susceptible to two interpretations, one constitutional and the other not, will be given that interpretation which will sustain it.

**5. Judgments §§ 14, 19—**

G.S. 1-113, G.S. 1-114, G.S. 1-115 are applicable only when the obligations of defendants are joint and not when they are joint and several, and therefore in an action on a note against the makers thereof who are jointly and severally liable, a default judgment rendered against both makers is void as to the maker not served with process.

APPEALS by defendants from an order dated August 5, 1964, entered by *Walker, Special Judge,* after a hearing in Chambers, in RANDOLPH Superior Court.

The hearing below was on defendants' motion, filed December 19, 1963, to vacate a purported default judgment on the ground there had been no service of process on either defendant.

Summons issued herein under date of July 30, 1960, was returned bearing the endorsement of Deputy Sheriff Clyde Tippett to the effect he had on July 30, 1960, served defendant H. L. Leonard by delivering to him "a copy of the within summons, a copy of the application for an extension of time to file complaint and a copy of the order extending the time for filing complaint."

In complaint filed August 18, 1960, plaintiff alleged that defendants, on June 28, 1960, for value received, executed and delivered to plaintiff their promissory note in words and figures as follows:

"$19,319.44        Asheboro, N. C.
June 28, 1960

"For value received, on demand, the undersigned, jointly and severally promise to pay to the order of North State Finance Company, Inc., a North Carolina corporation with principal place of business in Asheboro, N. C., the sum of NINETEEN THOUSAND THREE HUNDRED NINETEEN AND 44/100 DOLLARS ($19,319.44), with interest from date at the rate of six per cent per annum.

"This note is secured by a deed of trust on real estate and personal property of even date herewith.

"Witness our hands and seals the day and year first above written.

       H. L. LEONARD     (SEAL)
       ELOISE G. LEONARD     (SEAL)

"Witness:

    W. S. Farlow"

Plaintiff alleged defendants had made one payment of $1,050.00 on said note; that defendants were indebted to plaintiff thereon in the amount of $18,279.44 plus interest; and that defendants had failed and refused to make payment notwithstanding plaintiff's demand therefor.

Neither defendant answered or otherwise appeared. On September 27, 1960, the clerk entered default judgment "that the plaintiff have

and recover of the defendants, jointly and severally, the sum of $18,-279.44." The said judgment *erroneously recites* it appeared that "the defendants" had been personally served with process on July 30, 1960. It also recites that an order that the Sheriff of Randolph County serve a copy of the complaint on defendants was returned by the sheriff marked "not to be found" and that the sheriff had filed an affidavit stating "that after due diligence said defendants cannot be found in the State of North Carolina."

The evidence before Judge Walker consisted of (1) three affidavits offered by defendants; (2) the summons and the return endorsed thereon by Deputy Sheriff Tippett; (3) the testimony of witnesses offered by defendants; and (4) the testimony of witnesses offered by plaintiff. The record does not contain a transcript of the evidence of those who gave oral testimony before Judge Walker. Judge Walker's order contains a statement of the gist of the testimony of each of these witnesses.

Judge Walker's order concludes as follows:

"The Court finds as a fact that the defendant H. L. Leonard was served with summons and other process in this action on July 30, 1960; the Court further finds as a fact that the defendant Eloise G. Leonard was not served with summons or other process on July 30th, 1960, but the Court is of the opinion and concludes as a matter of law that the judgment obtained against H. L. Leonard and Eloise G. Leonard in this action is binding and conclusive against both defendants by reason of the statutory provisions of G.S. 1-113; therefore, the Court is of the opinion that the motion of the defendants to set aside the judgment should not be allowed;

"IT IS NOW ORDERED that the motion of the defendants to set aside and vacate the judgment in this action is not allowed and the judgment is allowed to stand as heretofore entered."

Each defendant excepted and appealed.

*Ferree, Anderson & Ogburn for plaintiff appellee.*
*Charles F. Lambeth, Jr., for defendant appellants.*

BOBBITT, J.

### Appeal of H. L. Leonard

H. L. Leonard's assignments of error are based on his exceptions (1) to the court's finding that he "was served with summons and other process . . . on July 30, 1960," and (2) to the judgment.

When the return shows legal service by an authorized officer, nothing else appearing, the law presumes service. The service is deemed established unless, upon motion in the cause, the legal presumption is rebutted by evidence upon which a finding of nonservice is properly based. *Downing v. White,* 211 N.C. 40, 188 S.E. 815; *Smathers v. Sprouse,* 144 N.C. 637, 57 S.E. 392. Upon hearing such motion, the burden of proof is upon the party who seeks to set aside the officer's return or the judgment based thereon to establish nonservice as a fact; and, notwithstanding positive evidence of nonservice, *the officer's return* is evidence upon which the court *may* base a finding that service was made as shown by the return. *Downing v. White, supra; Long v. Rockingham,* 187 N.C. 199, 121 S.E. 461; G.S. 1-592. For a more extended review of pertinent legal principles, see *Harrington v. Rice,* 245 N.C. 640, 97 S.E. 2d 239, and cases cited therein.

Notwithstanding there was positive evidence of nonservice, the officer's return and corroborating testimony afford ample basis for Judge Walker's finding of fact that service was made on H. L. Leonard as shown by the return. The credibility of the witnesses and the weight of the evidence were for determination by Judge Walker in discharging his duty to find the facts. *Harrington v. Rice, supra.*

Since nonservice of process is the sole ground on which the motion of H. L. Leonard is based, his assignments of error are overruled. Hence, as to H. L. Leonard, Judge Walker's order is affirmed.

### Appeal of Eloise G. Leonard

Eloise G. Leonard's assignments of error are based on her exceptions (1) to the conclusion of law that she is bound by the judgment "by reason of the statutory provisions of G.S. 1-113," and (2) to the judgment.

The *erroneous recital,* referred to in our preliminary statement, indicates the clerk, when he signed the default judgment of September 27, 1960, was under the impression process had been personally served July 30, 1960, on both defendants.

Judge Walker found as a fact "that the defendant Eloise G. Leonard was not served with summons or other process on July 30th." Nothing in the record indicates she was at any time served with any process.

"When a court of general jurisdiction undertakes to grant a judgment in an action where it has not acquired jurisdiction of the parties by voluntary appearance or the service of process the judgment is absolutely void and has no effect. It may, therefore, be disregarded and treated as a nullity everywhere." *Monroe v. Niven,* 221 N.C. 362, 364, 20 S.E. 2d 311; *Jones v. Jones,* 243 N.C. 557, 563, 91 S.E. 2d 562, and

cases cited. "Notice and an opportunity to be heard are prerequisites of jurisdiction (citations), and jurisdiction is a prerequisite of a valid judgment. (Citation). The Legislature is without authority to dispense with these requirements of due process, . . ." *Comrs. of Roxboro v. Bumpass,* 233 N.C. 190, 195, 63 S.E. 2d 144.

Does G.S. 1-113, when properly interpreted, purport to authorize a judgment by default or otherwise against Eloise G. Leonard? If so, it would seem violative of constitutional guaranties as to due process of law. For decisions bearing upon the constitutionality of provisions of "Joint Debtor Acts," see 50 L.R.A. 595 *et seq.* We consider the original purpose and history of the statute now codified as G.S. 1-113 in the light of this legal principle: "If a statute is susceptible of two interpretations, one constitutional and the other not, the former will be adopted." *Nesbitt v. Gill, Comr. of Revenue,* 227 N.C. 174, 181, 41 S.E. 2d 646, and cases cited.

G.S. 1-113, in pertinent part, provides: "Defendants jointly or severally liable. — Where the action is against two or more defendants, and the summons is served on one or more, but not on all of them, the plaintiff may proceed as follows: 1. If the action is against defendants jointly indebted upon contract, he may proceed against the defendants served, unless the court otherwise directs, and if he recovers judgment it may be entered against all the defendants thus jointly indebted, so far only as that it may be enforced against the joint property of all and the separate property of the defendants served, and if they are subject to arrest, against the persons of the defendants served."

G.S. 1-114 provides: "Summoned after judgment; defense. — When a judgment is recovered against one or more of several persons jointly indebted upon a contract in accordance with the preceding section, those who were not originally summoned to answer the complaint may be summoned to show cause why they should not be bound by the judgment, in the same manner as if they had been originally summoned. A party so summoned may answer within the time specified denying the judgment, or setting up any defense thereto which has arisen subsequent to such judgment; and may make any defense which he might have made to the action if the summons had been served on him originally."

G.S. 1-115 provides: "Pleadings and proceedings same as in action. — The party issuing the summons may demur or reply to the answer, and the party summoned may demur to the reply. The answer and reply must be verified in like cases and manner and be subject to the same rules that apply in an action, and the issues may be tried and

judgment given in the same manner as in action and enforced by execution if necessary."

"In the absence of statute to the contrary, whenever two or more persons are *jointly* liable, so that if an action is commenced against any less than the whole number the nonjoinder of the others will sustain a plea in abatement, a judgment against any of those so *jointly* bound merges the entire cause of action. The cause of action being *joint*, the plaintiff cannot be allowed to sever it against the objection of any of the defendants. By taking judgment against one, he merges the cause of action as to that one, and puts it out of his power to maintain any further suit, either against the others severally or against all combined." (Our italics) Freeman on Judgments, Fifth Edition (1925), Vol. II, § 567; Annotation: 1 A.L.R. 1601; *Rufty v. Claywell, Powell & Co.,* 93 N.C. 306.

"At common law in actions *ex contractu,* the general rule is, if the contract be *joint* the plaintiff must sue all the persons who either expressly or by implication of law made the contract. . . . In such actions brought against some only of several persons who should have been *jointly* sued, the defendants must plead the non-joinder in abatement, there being no other way of taking advantage of it, unless it appear on the face of the declaration or some other pleading of the plaintiff that the party omitted is still living, as well as that he *jointly* contracted, in which case the defendant may demur, etc." (Our italics) *Merwin v. Ballard,* 65 N.C. 168 (1871).

In discussing "Joint Debtor Acts," Freeman *op. cit.,* § 569, states: "In some states, however, statutes have been enacted by which, in effect, liabilities otherwise joint have been made joint and several. Where such is the case, an unsatisfied judgment against one obligor cannot merge or extinguish the liability of another." Decisions cited in support of this statement include *Rufty v. Claywell, Powell & Co., supra.*

In *Rufty,* three individuals, partners, were named as defendants in an action instituted February 10, 1880, to recover on a promissory note "given on 30 September, 1878." Process for one (Claywell) was not served. A consent (compromise) judgment was entered against "the defendants" at Spring Term 1881. In July 1883, plaintiff "sued out a summons under sec. 223 of The Code (now incorporated in G.S. 1-114) against the partner Claywell." This Court held the issuance of said summons in July 1883 constituted the commencement of a new action and as such was barred by the statute of limitations.

*Rufty* was decided at October Term 1885. The ground of decision (with references in parentheses inserted by us) is set forth in the opinion of Smith, C. J., as follows:

"The preceding section (222) of The Code (of 1883) makes separate provisions for prosecuting the action on liabilities that are joint and liabilities that are several, and it is to the former (222(1), now G.S. 1-113(1)) that the four following sections (223, 224, 225 and 226, now incorporated in G.S. 1-114 and G.S. 1-115) apply. Under the rules of pleading, according to our former system, if the action was upon a joint contract and the plaintiff took judgment against a part only of those liable, there could be no recovery in a subsequent suit against those omitted, for the reason that the contract was merged in the judgment, while not being parties to the judgment, they were not bound by its rendition.

"It was otherwise as to contracts that created a several liability, and to such, as in case of *torts,* a judgment against one or more, left their separate liabilities in force, and then exposed to a subsequent action in like manner as if no judgment had been rendered against the others.

"To obviate the legal consequences of a judgment against some of the joint obligors in extinguishing, through the merger, the cause of action against the others, is the manifest purpose of this innovating legislation introduced in the new system of pleading and practice. Such is the view taken by Mr. Freeman in his work on Judgments, and in our opinion it is a correct view. Secs. 231, 233, 234. (Third Edition, 1881.)

"In this State contracts, whether made by copartners or other joint obligors, were made several by statute, and the plaintiff could sue one or more at his election without impairing his right to proceed against the others afterwards. Rev. Code, ch. 31, sec. 84 (of 1854). This enactment was not introduced in C. C. P. (of 1868), and hence the principle governing contracts as construed at common law being restored, the necessity arose of providing the remedy contained in that Code. The omitted section, which in *Merwin v. Ballard,* 65 N.C. 168, was decided to have been repealed, was enacted at the session of the General Assembly of 1871-'72, ch. 24, sec. 1 (Public Laws, 1871-'72), and now constitutes sec. 187 of The Code (of 1883)..

"The result is to render contracts joint in form, several in legal effect, and to neutralize, if not displace, those provisions which operate only upon contracts that are joint and pursuant to which the present proceeding is conducted.

"That the contract possesses the two-fold quality of being *joint* as well as *several* in law, cannot render available provisions which, in terms, are applicable to such as are *joint* only. It is solely to remove the resulting inconveniences of an action prosecuted to judgment against part of those whose obligation is joint only, that the remedy is provided, and it becomes needless when the obligation is several also. Such is the construction adopted in the courts of New York. *Stannard v. Mattin,* 7 How. Pr. 4; *Lakey v. Kingan,* 13 Abb. Pr. 192.

"We are then constrained to regard the issue of the summons against the appellee as the beginning of a new suit, and the action as open to every defense which could be set up if there had been no previous recovery of the other partners."

In *Davis v. Sanderlin,* 119 N.C. 84, 25 S.E. 815, this factual situation was considered: "The plaintiffs in a former action had procured a summons to be issued by Gilliam, J. P., against all three of the partners, including the defendant Mebane, for the same cause of action, and they had recovered judgment against the other defendants only, the defendant Mebane not having been served with the summons. No part of that judgment had been paid when the last action was brought against the defendant Mebane." It was held that plaintiffs' remedy against Mebane was by new action, not by motion (summons) under the statute now codified as G.S. 1-114. The following from the opinion of Montgomery, J., is pertinent.

"The procedure by motion is only to be had in cases where the contract is *joint only,* and not in cases where the contract is *joint and several,* as in the case at bar. The contract in the case before us is several (section 187 of The Code), and it does not merge in the judgment as it would have done if the contract had been joint only. Section 223 of The Code refers to contracts *joint only.*" (Our italics).

In accordance with the decisions cited, it is our opinion, and we so decide, that G.S. 1-113(1) applies to obligations that are "joint only," not to obligations that are "joint and several." This appears equally true with reference to G.S. 1-114 and G.S. 1-115. Hence, the judgment below cannot be upheld as authorized by G.S. 1-113(1). The obligation (note) sued on herein is alleged to be and its provisions declare it to be the joint and several obligation of the obligors. Indeed, the default judgment now under consideration provided that plaintiff recover of the defendants, "jointly and severally," etc.

Plaintiff cites *Guano Co. v. Willard,* 73 N.C. 521; *Hanstein v. Johnson,* 112 N.C. 253, 17 S.E. 155, and *Hancock v. Southgate,* 186 N.C. 278, 119 S.E. 364.

In *Guano Co. v. Willard, supra,* the facts were as follows: In a prior action, Willard, although named in the summons, was not served. The complaint demanded judgment against R. F. Morris and the firm of R. F. Morris & Son. It was not alleged that Willard was a partner. Nor did the plaintiff demand judgment against property in which Willard had an interest. In the action then before the court, the plaintiff alleged Willard was a silent partner. This Court, after considering the statutory provision now codified as G.S. 1-113(4), held the action against Willard a new action and as such barred by the statute of limitations. ·

In *Hanstein v. Johnson, supra,* the decision is to the effect that, while a creditor and also each partner has a right to demand that partnership (joint) property be applied to the satisfaction of partnership debts, each partner is severally bound to the creditor for the full amount of his claim.

In *Hancock v. Southgate, supra,* while the statute now codified as G.S. 1-113(1) is quoted, it is not discussed or applied. There, plaintiff sued four individuals as partners trading as Southgate Packing Company to recover for merchandise allegedly sold to said partnership on order of G. D. Potter, allegedly a partner and general manager. The only answer was filed by defendant T. S. Southgate.· He denied there was a partnership and asserted that "Southgate Packing Company is an unincorporated entirety *(sic)*, owned exclusively by T. S. Southgate." The jury found the defendants were partners as alleged and that the partnership was indebted to plaintiffs. As stated by Clarkson, J.: "The only question involved in this appeal is the liability of T. S. Southgate."

We find nothing in the decisions cited by plaintiff in conflict with the rule established in *Rufty v. Claywell, Powell & Co., supra,* and *Davis v. Sanderlin, supra,* namely, that G.S. 1-113(1) applies to joint obligations only and does not apply to joint and several obligations.

For the reasons stated, the court (clerk) was not authorized by G.S. 1-113(1) to enter judgment against defendant Eloise G. Leonard. Having failed to acquire jurisdiction by service of process or otherwise, the judgment as to her is void and should be vacated. Hence, as to her, the judgment of the court below is reversed.

As to defendant H. L. Leonard, affirmed.

As to defendant Eloise G. Leonard, reversed.