Q. Did he tell you to put the hand car on top of the flat car?
A. Yes.

Q. What time was this?  A. Somewhere between 11 and 12
o'clock.

Q. Why did you go there on Sunday?  A. It was the usual
thing.  Mr. Adams would go down on Sunday between 11 and
12 o'clock to, get orders for Monday; that was Mr. Hayes' order,
to go down on Sunday and get orders for Monday.

The regular engineer was sick, and for this reason did not
run the train on Monday, and Weeks knew this.

Another witness testified he had heard Weeks give orders as
to the running of the trains, in the presence of Hayes, without
objection or protest.  There was evidence on the part of the
defendant directly contradicting the evidence of the plaintiff,
but we cannot pass on this conflict of evidence, and for the
purpose of the motion for nonsuit must accept the evidence of
the plaintiff to be true.

Upon a review of the record, we find

No error.

CHARLES C. BURLINGHAM ET AL. v. H. C. CANADY ET AL.

(Filed 4 October, 1911.)

1. Appeal and Error—Case—Counter-case—Settlement—Failure to
Request Judge.

Upon the service of a counter-case on appeal it is the duty of
the appellant to immediately request the judge to appoint a
time and place to settle the case under Revisal, sec. 591, and
upon his failure to do so the case of the appellee becomes the
case on appeal.

2. Same—Sheriff's Returns—Evidence, Prima Facie—Printing
Record.

The appellee, having disagreed to the appellant's statement of
the case, had his counter-case served, as appears by the return
made by the sheriff thereon.  Both cases were then filed in the
clerk's office, but by an error which the clerk explained, only the
appellee's case was certified to the Supreme Court.  Upon an

affidavit of appellant's counsel it was contended that no counter-case had been served: *Held*, (1) the return of the sheriff upon the counter-case is *prima facie* evidence that the counter-case had been served as therein stated, and it cannot be contradicted by a single affidavit; (2) as the appellant had failed to request the judge to settle the case under the statute, the counter-case is the case on appeal, which not having been certified and printed, under the rule, the judgment below is affirmed, on motion of appellee.

APPEAL from *Peebles, J.,* at May Term, 1911, of ONSLOW. The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Walker.*

*E. K. Bryan and Frank Thompson for plaintiff.*
*T. C. Wooten for defendant.*

WALKER, J. The defendants in this case appealed to this Court from a verdict and judgment rendered against them in the court below, and served their case on appeal upon the plaintiffs. The plaintiffs, disagreeing to this case, prepared a counter-case and caused the same to be duly served upon the defendant's counsel by the sheriff, who made a return to that effect. Both cases were then filed in the clerk's office. Plaintiff's counsel moved in this Court to affirm the judgment, as no case on appeal had been sent to this Court, though the record proper is here, the motion being based upon the ground that counsel disagreed to the case, and the judge was not requested, as required by Revisal, sec. 591, to settle the case, and that no case on appeal has actually been settled. Defendant's counsel filed an affidavit, in which he denied positively that any counter-case or exceptions had been served upon him or the defendants, and that he inquired of the clerk, who told him that no such case or exceptions had been filed in his office. This is the only affidavit introduced in behalf of the defendants. Plaintiffs filed the affidavits of Mr. Frank Thompson, one of their attorneys, and the sheriff, E. W. Summerville, who state that the counter-case was served upon the defendants' counsel on 14 June, 1911, and the sheriff's return also shows that such service was made by him. M. M. Capps, the clerk, testifies that the

counter-case was filed in his office, and he thought that it was sent up with the record to this Court, and that the statement to the contrary in his certificate is an error which he inadvertently committed, as the record for this Court was prepared by the defendant's attorneys, at their request, and was presented to him for his signature to the certificate, and he supposed, of course, that the record was in proper form and contained the counter-case on appeal, and he so stated to Mr. Frank Thompson, defendant's attorney, afterwards.

The record here does not contain the counter-case, but only the case as tendered by the defendants to the plaintiffs. Under the circumstances, we must grant the plaintiff's motion and affirm, as we discover no error in the record proper.

The sheriff's return imports truth. It is made under oath and cannot be overthrown or shown to be false by the affidavit, merely, of the person upon whom the service is alleged to have been made. It has often been held that the return of a ministerial officer, as to what he has done out of court, is *prima facie* true, and cannot be contradicted by a single affidavit. *Hunter v. Kirk,* 11 N. C., 277; *Mason v. Miles,* 63 N. C., 564. It would be oath against oath, and we could not well say with whom was the truth. Besides, the service of process or other papers, and the return thereof, are very serious matters, and should not be lightly set aside. In this case, though, the sheriff's return is strongly corroborated by the affidavits of Mr. Thompson, the clerk, and the officer himself, and if no technical force or weight is to be given to the return, we would be bound by the decided weight of the evidence to find against the defendants as to the fact of service. As the counter-case was properly served, it was the duty of the defendants to immediately request the judge to appoint a time and place to settle the case under Revisal, sec. 591, and upon his failure to comply with this requirement of the statute the case of the appellee became the case on appeal. As that case has not been certified to this Court, as part of the transcript, and therefore has not been printed, we affirm the judgment.

Affirmed.