RACHEL C. BOLTON AND HUSBAND, RICHARD BOLTON; MARTHA C. DAVIS AND HUSBAND, SIDNEY DAVIS; CARRIE C. MURPHREY AND HUSBAND, W. R. MURPHREY; ESTELLE G. LANE AND HUSBAND, GEORGE LANE; DOROTHY ROBERTS AND HUSBAND, JOHN MILTON ROBERTS; MIGNON C. SULLIVAN AND HUSBAND, CLYDE SULLIVAN; J. W. COLEY, JR. AND WIFE, FAYE COLEY; AND FRANK COLEY, MINOR, BY HIS NEXT FRIEND, MRS. BETTIE COLEY, v. MRS. G. A. (DORIS) HARRISON, WIDOW; ALFORD HARRISON AND WIFE, LYDIA HARRISON; FRANK HARRISON AND WIFE, MILDRED HARRISON; BERNARD HARRISON AND WIFE, DORIS HARRISON; DAVID LEE HARRISON, MINOR; LEROY HARRISON AND WIFE, JOYCE HARRISON; DOUGLAS HARRISON, A MINOR; FAYE HARRISON, A MINOR; MARGARET H. HUX AND HUSBAND, CLIFTON HUX; ELIZABETH H. VAN LANDINGHAM AND HUSBAND, PAUL VAN LANDINGHAM, RUTH LOVEGROVE AND HUSBAND, JOE LOVEGROVE.

(Filed 20 May, 1959.)

**1. Judgments § 18—**

The sheriff's return showing service raises a legal presumption of valid service, and stands unless such legal presumption is rebutted by evidence upon motion in the cause.

**2. Judgments § 27b—**

Where the record shows service, the remedy to set the judgment aside for want of service is by motion in the cause.

**3. Mortgages § 31h:    Parties § 4½:    Wills § 46—**

A decree of foreclosure of a mortgage executed by testator, entered in an action in which all heirs are made parties, including the life tenant of the *locus in quo* and the remaindermen *in esse* and *in posse,* who are represented by a guardian *ad litem,* and the decree of confirmation duly entered, are binding on the parties, including a later born remainderman represented by members of his class, and the purchaser at such sale takes title under foreclosure of the instrument executed by testator free of claims asserted under the provisions of the will.

**4. Executors and Administrators § 12:    Mortgages § 39e:    Trusts § 4b—**
   **Decree of confirmation of foreclosure will not be set aside for fraud merely on evidence of inadequacy of purchase price.**

A mortgage executed by testator was foreclosed by action in which

BOLTON *v.* HARRISON.

the executors and heirs were made parties. The sale was had after the executors had completed the settlement of the estate in all matters with the exception of the mortgage. The executors purchased at the sale, and the sale was duly confirmed by the court which had all facts before it, including the will showing that the purchasers were the executors. Thereafter, there were successive mortgages and foreclosures, and the land was purchased at the last foreclosure by the life tenant under the will and transferred by *mesne* conveyances to defendants' ancestor. The remaindermen under the will instituted this suit to have a trust declared in their favor, but failed to allege or prove any defense to foreclosure or introduce any evidence of fraud, except the testimony of two witnesses as to the inadequacy of the purchase price at the foreclosure sale of the mortgage, such witnesses giving their opinion some 28 years thereafter as to the value of the land at the time of the foreclosure. *Held:* Nonsuit was correctly entered.

APPEAL by both plaintiffs and defendants from *Carr, J.,* December, 1958 Term, WAYNE Superior Court.

This civil action was instituted on August 5, 1957, by the seven daughters of J. W. Coley and by his minor son, Frank Coley, by Next Friend. The purpose of the proceeding as stated in the plaintiffs' brief is: "To quiet title to the remainder interest of the plaintiffs, to declare a trust in favor of the plaintiffs, who, as devisees under the Will of J. Frank Coley, and who are the remaindermen taking a 63.7 acre tract of land, subject to the life estate of J. W. Coley, their father." The plaintiffs claim title to the remainder after a life estate under Item 5 of J. Frank Coley's will: "To my son, J. W. Coley, I give and devise, for life, and during his natural life, and at his death to his children the 63.7 acre tract of land which I purchased from J. P. Coley, and which he heired in the division of his father's land which adjoined the lands of C. P. Farmer, J. P. Thigpen and Minnie Johnson and Lide Carter."

By other items of the will, J. Frank Coley devised approximately 500 acres of land to other children, including 210 acres to his son Luther (E. L.) Coley, subject to a charge of $2,000.00, and 182 acres to another son, Paul (N. P.) Coley. The will was executed on July 14, 1926. The testator died November 11, 1926. The sons, Paul (N. P.) Coley and Luther (E. L.) Coley, were appointed executors, qualified and acted as such in settling the estate.

At the time of his death, the testator, J. Frank Coley, left outstanding a mortgage on all his lands to secure the payment of $18,-000.00 due in 40 installments to the Atlantic Joint Stock Land Bank of Raleigh. The executors paid off and discharged all debts due by the estate except the Land Bank mortgage on which there was a balance due of $15,877.49 on December 1, 1928. Luther Coley had paid

off and discharged his proportionate part of the mortgage to the Land Bank. The executors and other devisees entered into an agreement by which they endeavored unsuccessfully to pay off the mortgage from the rents and profits of the lands covered by the mortgage.

The executors' account as filed shows the last item of receipts and disbursements to have been entered on January 25, 1929. And it appears that on that date the matter of handling the estate, except as to the mortgage, was completed. However, the final account was not filed until September 11, 1936, and then by N. P. Coley, surviving executor. On that date he was ordered discharged.

Upon failure to meet the payments on the Land Bank mortgage, the full amount became due under the acceleration clause. On May 2, 1930, the Land Bank instituted a foreclosure proceeding in the Superior Court of Wayne County against all the heirs and devisees under the will, including the executors, all unborn persons who have or may have any right in the lands devised under the will of Frank Coley. Answers were filed for all defendants and by guardian *ad litem* for the infants and unborn children of J. W. Coley. The sheriff's return shows service of process "by leaving a copy of the summons and complaint with all parties named within the complaint." In the present action two of the defendants denied service, but neither offered corroboration.

In the foreclosure proceeding the court rendered judgment for the amount due to the Land Bank, ordered foreclosure of the mortgage by a sale of all lands, including the 63.7 acres here involved. The court appointed two eminent lawyers as commissioners and ordered them to make the sale after due and proper advertisement. At the sale Paul Coley and Luther Coley became the last and highest bidders and were declared the purchasers at the price of $12,860.41, subject to taxes. The commissioners reported the sale and recommended its confirmation. The court in due course entered an order confirming the sale and directing title be made to Paul Coley and Luther Coley. They and their wives, by deed of trust, conveyed the lands to a trustee to secure a loan from Prudential Insurance Company of America with which to pay the commissioners for the lands purchased at the sale. The commissioners used the money to satisfy the judgment of the Land Bank.

Thereafter, upon default in the payment of the deed of trust to Prudential, the lands were sold by the trustee at public auction, the Prudential became the purchaser and took deed from the trustee. The Prudential then resold the lands to Luther Coley and wife and took another deed of trust for the purchase money. This deed of trust,

upon default, was also foreclosed and the land again purchased by Prudential. On November 1, 1934, Prudential, for a consideration of $3,000.00, conveyed the 63.7 acre tract of land in which the plaintiffs claimed the remainder to J. W. Coley and wife. J. W. Coley was the life tenant and was the father of the plaintiffs. Hereafter only the one tract of land containing the 63.7 acres is involved.

On November 14, 1935, J. W. Coley and wife executed a deed to C. D. Owens and wife, Lizzie Owens, for the 63.7 acres of land for a consideration of $500.00 cash and the assumption of an encumbrance of $2,700.00. On December 29, 1939, C. D. Owens and wife, for a consideration of $5,000.00, conveyed the land by deed to G. A. Harrison. The children of J. W. Coley and their spouses are plaintiffs in this action. The heirs at law of G. A. Harrison are the defendants.

The plaintiffs ask in this action that the title to the 63.7 acre tract of land be confirmed in them pursuant to this "Bill of Peace," or "Bill of *Qui Timet*," as provided by G.S. 40-10. They allege that Paul Coley, Luther Coley, and J. W. Coley engaged in a fraudulent scheme to divest these plaintiffs of their remainder in the lands after the termination of their father's life estate under Item 5 of their grandfather's will. The plaintiffs allege that because of the fraud, negligence, carelessness, and default on the part of Paul and Luther Coley, the executors, the mortgage to the Land Bank was not paid. They allege that in the foreclosure proceeding and in subsequent transfers, J. W. Coley was permitted to take a deed in fee and thus defeat the plaintiffs' remainder interest. Because of their fraudulent scheme, and their fiduciary relationship, Paul Coley, Luther Coley, and J. W. Coley took title as trustees for the benefit of the plaintiffs. The plaintiffs further allege the records of the various proceedings, and the relationships of the parties charged the defendants with notice of the fraudulent schemes by which their predecessors had acquired title which came to the defendants impressed with the trust; and that in equity the plaintiffs are entitled to have the defendants' claims of title and interest in the tract of land removed.

The defendants deny any fraud in connection with their title or any defect therein, or any knowledge of any fraud or breach of trust on the part of Paul Coley, Luther Coley, or of J. W. Coley, the plaintiffs' father. They rely upon the validity of solemn court proceedings, duly executed and recorded conveyances, and the lapse of time (statute of limitations) to protect them in their ownership and peaceful enjoyment of the property which was purchased by their ancestor from J. W. Coley and wife who held a record title which they assumed and had a right to assume was good.

The plaintiffs introduced evidence as to the value of the lands of J. Frank Coley at the time of the foreclosure under the Land Bank mortgage. Two witnesses as of the date of the hearing, December, 1958, were permitted to testify that the J. W. Coley lands as of the date of foreclosure were reasonably worth $70,000.00. The parties introduced the various records referred to herein.

At the close of all the evidence the court sustained the motion for involuntary nonsuit as to all plaintiffs except Frank Coley, minor. As to him the court submitted issues with respect to (1) the fair market value of the 63.7 acres of land at the time of sale under the Land Bank foreclosure proceeding; (2) whether the executors who bought at the sale acquired title as trustees; and (3) whether G. A. Harrison took with notice of the defects in his title. These issues were answered in favor of Frank Coley. From the judgment dismissing the action as to all plaintiffs except Frank Coley, the plaintiffs appealed, and from the judgment on the verdict in his favor, the defendants appealed.

*Paul B. Edmundson, Jr., Henry C. Bourne for defendants, appellants.*

*Henry C. Bourne, Paul B. Edmundson, Jr., for defendants, appellees.*

*J. Faison Thomson & Son, By: J. Faison Thomson for plaintiffs, appellants, and for J. Frank Coley, Jr., plaintiff, appellee.*

HIGGINS, J.   The plaintiffs' appeal challenges the nonsuit as to all plaintiffs except Frank Coley upon the grounds (1) the Land Bank foreclosure sale was void for fraud, collusion, and the breach of trust, and for want of service of process; and (2) Paul Coley, Luther Coley, and J. W. Coley acquired title to the tract of land described in Item 5 of the Will under such circumstances as in equity made them trustees for the plaintiffs' interests as remaindermen.

Two of the plaintiffs now contend they were not served with process in the foreclosure proceeding in 1930. Neither could corroborate the other's claim. The return of the sheriff shows service. The court found that all parties were represented. "When the return shows legal service by an authorized officer, nothing else appearing, the law presumes service. The service is deemed established unless, upon motion in the cause, the legal presumption is rebutted by evidence upon which a finding of nonservice is properly based." *Harrington v. Rice,* 245 N.C. 640, 97 S.E. 2d 239. Any other rule would place solemn judicial proceedings in jeopardy upon the flimsy foundation that one or

more of the parties may have forgotten that process was served. Where the record shows service, as here, the remedy must be by motion in the cause. *Jordan v. McKenzie,* 199 N.C. 750, 155 S.E. 868; *Caviness v. Hunt,* 180 N.C. 384, 104 S.E. 763.

There is no question but that J. W. Coley was properly before the court. He was the father of the plaintiffs, two of whom claim they were not served. He was the life tenant. It is seriously debatable whether service on him as life tenant would not be sufficient even if the remaindermen, his children, were not served in a foreclosure proceeding. *Yarborough v. Moore,* 151 N.C. 116, 65 S.E. 763; *Carraway v. Lassiter,* 139 N.C. 145, 51 S.E. 968.

The plaintiffs allege fraud, collusion, and carelessness in permitting the Land Bank to foreclose the mortgage which the testator placed upon all his real estate and which was unsatisfied at his death. They fail to allege or prove any defense to the foreclosure proceedings. While they allege, they fail to offer proof of actual fraud. Conceding this failure, they contend the inadequate price and the purchase at the sale by the executors, and later by their father, furnish proof sufficient to establish a trust in their favor. In support, they offer two witnesses who looked back from 1958 to 1930 and testified the land was worth seventy thousand dollars 28 years ago. On the contrary, one sale after another, under order of the court, under the power of sale, in deeds of trust and mortgages, fail utterly to disclose any such value. The value now fixed by the witnesses as of 28 years ago shows only too well how much had been forgotten in 1958 about the value of property in 1930. The testimony of value was the result of a backward look after 28 years. "To grant to one whose property is sold by decree of court the right, five years after the sale and confirmation, to attack the sale because of asserted inadequate price would destroy all respect for judicial sales. Decrees of confirmation entered into by courts of competent jurisdiction are entitled to greater respect." *Franklin County v. Jones,* 245 N.C. 272, 95 S.E. 2d 863.

The plaintiffs contend the fraud originated by reason of the purchase of the executors at the foreclosure sale in 1930. Prior to the sale, however, on January 25, 1929, the executors had completed the settlement of the estate in all matters with the exception of the outstanding mortgage to the Land Bank. The will gave the executors discretionary authority to rent all lands, and to suspend the effective date of all devises accordingly until the rents discharged all debts of the estate. On February 14, 1929, all the children of the testator entered into a contract to pay a named trustee semiannual payments which, if carried out, would liquidate the mortgage to the Land Bank

within a period of ten years. Paul Coley made immediate payment of his share in cash. The others agreed among themselves as to the amount each should pay. J. W. Coley agreed to make semiannual payments of $311.30 for the 10-year period as his share. Failure of the parties to make the payments as agreed resulted in a default in the mortgage to the Land Bank.

On May 2, 1930, the Land Bank instituted an action in the Superior Court of Wayne County to foreclose the mortgage, the full amount having become due under the acceleration clause. All devisees were made parties. The court appointed a guardian *ad litem* for the children, born and unborn, of J. W. Coley because of their interest under Item 5 of the will. (The record in this case recites that Paragraph 9 of the complaint in the foreclosure proceeding "Alleges that J. Frank Coley died in 1926, and alleges the terms of the Will." Paragraph 11 "Alleges the names and ages of the children then living of J. W. Coley.") All were made parties to the foreclosure proceeding except Frank Coley who was not born until years later. The judgment of foreclosure recites that "the minor defendants, naming them . . . and unborn persons who may have right in the land (by guardian *ad litem*) have filed answers." The court then rendered judgment for the balance due on the mortgage, decreed foreclosure, and appointed two eminent lawyers commissioners to sell the land, including the 63.7 acre tract here involved.

After due advertisement the commissioners offered the land for sale. Paul Coley and Luther E. Coley became the purchasers for $12,860.41, subject to accrued taxes. After 20 days the court confirmed the sale and ordered the commissioners to execute deed to the purchasers. The deed was executed and recorded on October 8, 1930. On the same day Paul Coley and L. E. Coley, and their wives, executed a deed of trust to Chickamauga Trust Company to secure a loan of $13,000.00 advanced by Prudential Insurance Company of America. The money thus advanced became the purchase price paid to the commissioners and the Land Bank's lien was thus discharged. Later, upon default, the substitute trustee sold under the deed of trust and Prudential purchased and took the substitute trustee's deed. Prudential then sold 172.5 acres of land, including the 63.7 acre tract, to L. E. Coley and wife who executed a deed of trust to secure the purchase price. Another default and another sale placed the title back in Prudential. Prudential then sold the 63.7 acre tract to J. W. Coley and wife. The deed was executed November 1, 1934. (J. W. Coley was the beneficiary under Item 5 of the will and the father of the plaintiffs.) On November 14, 1935, J. W. Coley and wife sold

and conveyed the land to C. D. Owens and wife, Lizzie Pearl Owens, for $500.00 cash and the assumption of a $2,700.00 lien. Mrs. Owens is a sister of J. W. Coley and one of the beneficiaries under the will. On December 29, 1939, C. D. Owens and wife conveyed the land to G. A. Harrison for a consideration of $5,000.00.

G. A. Harrison was a stranger to the Coley family. The transfer from Owens and wife was the first time the land had been free of the encumbrance since the testator put it under mortgage to the Land Bank in 1924. The title to Harrison thus goes back to the mortgage given by the testator to the Land Bank. The legal title has passed by successive steps through foreclosure by order of a court which had jurisdiction of the subject-matter and of the parties. The duly appointed guardian *ad litem* represented the interest of the plaintiffs, including Frank Coley, then unborn.

The record in the foreclosure action showed no defense to a foreclosure sale. All the facts were before the court. The court had before it the will which showed that Paul Coley and Luther Coley were executors. With this knowledge the court ordered its commissioners to approve their purchase at the sale and to convey title to them. For a full discussion of judicial sales and duties of a guardian *ad litem*, see *Franklin County v. Jones, supra,* and the many cases there cited.

The Land Bank mortgage, its foreclosure, and subsequent deeds of trust, foreclosures, and other *mesne* conveyances places the legal title in G. A. Harrison and from him by descent to the defendants. Nowhere along the chain does the record disclose a break or flaw in the legal title. Both parties claim through Frank Coley, the plaintiffs under the will, the defendants under his mortgage and its foreclosure. The foreclosure sale left nothing to pass to the plaintiffs under the will.

The plaintiffs, as an alternate prayer for relief, ask "that this action be considered as a motion in the cause in the foreclosure proceeding." The evidence does not show the court was misled or was not in possession of all the pertinent facts necessary to decision, or that any defense to foreclosure existed, either in law or in fact, save and except two witnesses were found in 1958 who thought the land was worth $70,000.00 in 1930. Otherwise, time has added nothing new.

The plaintiffs make out a defense to their own claim. They allege the execution of the mortgage to the Land Bank. They introduced the judgment roll in the foreclosure proceeding and all the *mesne* conveyances to G. A. Harrison. The record fails to show these documents were introduced for the purpose of attack; but assuming otherwise, the attack fails for want of proof.

The parties have assumed that the minor plaintiff, born 25 years after the testator's death but during the term of the life tenant, could qualify for benefits under Item 5 of the will. The parties likewise have assumed that a guardian *ad litem* could have been appointed to represent his interest. However, in this type of case, under the doctrine of virtual or class representation, the living persons (sisters) in his same classification and with identical interests under the will represented and bound his interest. *McPherson v. Bank,* 240 N.C. 1, 81 S.E. 2d 386. "Without regard to the act of 1903, the court has the power to order the sale of real estate limited to a tenant for life, with remainder to children or issue, upon failure thereof, over to persons, all or some of whom are not *in esse,* when one of the class being first in remainder after the expiration of the life estate is *in esse* and a party to the proceeding to represent the class, and that upon decree passed, and sale and title made pursuant thereto, the purchaser acquires a perfect title as against all persons *in esse* or *in posse*." *Lumber Co. v. Herrington,* 183 N.C. 85, 110 S.E. 656.

Necessarily, purchasers of property, especially land, must have faith in and place reliance on the validity of judicial proceedings. *Franklin County v. Jones, supra; Cherry v. Woolard,* 244 N.C. 603, 94 S.E. 2d 562; *Park, Inc. v. Brinn,* 223 N.C. 502, 27 S.E. 2d 548; *Graham v. Floyd,* 214 N.C. 77, 197 S.E. 873; *Morris v. Gentry,* 89 N.C. 248; *Sutton v. Schonwald,* 86 N.C. 198.

For the reasons herein assigned, we hold the judgment of nonsuit was required as to all plaintiffs, including the minor, Frank Coley.

On plaintiffs' appeal, the judgment is

Affirmed.

On defendants' appeal, the judgment in favor of Frank Coley, minor, is

Reversed.