TONY EUGENE GUTHRIE v. ROBERT M. RAY

No. 35

(Filed 13 June 1977)

1. **Rules of Civil Procedure § 4— summons left with one other than defendant— requirements for effectiveness**

   Where service of process is had by leaving the summons and complaint with a person other than the named defendant the substitute person must be a "person of suitable age and discretion," who lives with defendant in his "dwelling house or usual place of abode," and the summons must be left with the substitute person *at their* usual place of abode.

2. **Rules of Civil Procedure § 4— summons left with one other than defendant— showing of residence required on return of service**

   Though the better practice, when summons and complaint are left with a person other than the named defendant, would be for the sheriff to state explicitly in his return of service that the place where the summons was left was the dwelling house or usual place of abode of both the named defendant and "the person of suitable age and discretion" to whom he delivered the summons, the return of service in this case substantially complied with the requirements of G.S. 1A-1, Rule 4, where it stated that summons was left with defendant's mother at Route 3, Box 187, and that she was "a person of suitable age and discretion . . . who resides in the defendant's dwelling house or usual place of abode," and, in the summons, defendant's address was given as Route 3, Box 187, Weaverville, N. C.

3. **Process § 4— officer's return of service— two affidavits required to set aside**

   An officer's return or a judgment based thereon may not be set aside unless the evidence consists of more than a single contradictory affidavit and is clear and unequivocal; therefore, defendant's motion to set aside a judgment entered against him on the ground that the purported service of summons upon him was invalid was properly denied, since defendant filed in support of his motion only one affidavit, his own.

ON plaintiff's petition for discretionary review of the decision of the Court of Appeals (reported in 31 N.C. App. 142, 228 S.E. 2d 471 (1976)), which reversed the order of *Styles, J.,* denying defendant's motion to set aside the judgment entered against him at the February 1976 Session of BUNCOMBE County District Court.

Plaintiff brought this action to recover for personal injuries and property damage suffered on the night of 18 August 1971 when his automobile collided with a parked Ford pickup

Guthrie v. Ray

truck registered in the name of defendant. The complaint was filed and summons issued on 10 May 1972. In the body of the summons defendant's address was listed as "Route 3, Box 187, Weaverville, North Carolina." In his "return of service" Deputy Sheriff W. G. Biggs certified that defendant was served "on the 16th day of May 1972, at the following place: Route 3, Box 187 By: leaving copies with Mrs. C. Ray (mother) who is a person of suitable age and discretion and who resides in the defendant's dwelling house or usual place of abode."

Defendant having made no appearance and filed no answer or other responsive pleading, on 1 March 1973 the presiding judge entered judgment that plaintiff recover from defendant such damages as a jury might award. Plaintiff waived a jury trial, and Judge Styles heard evidence on the sole issue of damages. On 26 September 1973 he entered judgment in favor of plaintiff in the amount of $2,900.00.

On 27 March 1975 defendant moved to set aside the judgment under G.S. 1A-1, Rule 12(b)(2)(5) and Rule 60(b)(4) on the ground that the purported service of summons upon him was invalid, and the judgment against him was, therefore, void. In support of his motion, defendant offered a single affidavit, his own. Therein he stated: On May 16, 1972, Route 3, Box 187, Weaverville, N. C., the home of his mother, was not his dwelling house or place of abode. He had not dwelt or lived with his mother at that address, or any other, since 1944. Since 1962 he has been a resident of Tennessee, continuously employed by the University of Tennessee. Since February 1963 he has resided at 305 Snowbird Drive, Concord, Tennessee. Since July 1962 he has been registered to vote in both state and national elections in Tennessee. He owned a 1949 Ford pickup truck, which he registered in North Carolina because it was used on farm property he owned in this State.

After hearing the motion the trial court found and concluded, *inter alia*, that the sheriff's return showed he had served defendant by delivering copies of summons and complaint to defendant's mother, Mrs. C. Ray, "in defendant's dwelling house or usual place of abode" and that "the evidence of the defendant fails to satisfy the Court that the defendant was not a resident of the State of North Carolina at the time the process was left with his mother." The court thereupon denied defendant's motion to vacate the judgment and dismiss the action.

Guthrie v. Ray

The Court of Appeals reversed, holding (1) that "the return clearly fails to disclose that service was had on the defendant by leaving a copy of the summons and complaint *at* defendant's dwelling house or usual place of abode as required by G.S. 1A-1, Rule 4(j)(1)(a)"; and (2) that "all of the evidence in the record tends to show that the defendant was a resident of Tennessee when service of process was attempted in North Carolina." 31 N.C. App. at 144, 228 S.E. 2d at 473.

*Swain, Leake & Stevenson for plaintiff-appellant.*

*Morris, Golding, Blue & Phillips by Steven Kropelnicki, Jr., and James F. Blue III for defendant appellee.*

SHARP, Chief Justice.

The sole question presented by this appeal is whether service of process was had upon defendant.

In pertinent part G.S. 1A-1, Rule 4(j), provides that the manner of service to exercise personal jurisdiction over a natural person shall be "a. By delivering a copy of the summons and of the complaint to him or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein."

In support of his contention that the service of process was inadequate defendant first argues that, on its face, the sheriff's return shows insufficient service inasmuch as it states only that summons was left with "Mrs. C. Ray (mother) who is a person of suitable age and discretion and who resides in the defendant's dwelling house or usual place of abode." Defendant asserts that this return is inadequate because: (1) Rule 4(j) requires that the summons and complaint be delivered to a person of suitable age and discertion at a time when that person is physically present *at* the defendant's dwelling house or usual place of abode. (2) The instant return of service indicated only that Mrs. Ray resided in defendant's dwelling house; nowhere did it indicate that the place where the summons was left was defendant's usual place of abode.

[1] "[W]here a statute provides for service of summons or notices in the progress of a cause by certain persons or by designated methods, the specified requirements must be complied with or there is no valid service." *S. Lowman v. Ballard & Co.,* 168 N.C. 16, 18, 84 S.E. 21, 22 (1915). *See Williams v. Hartis,*

18 N.C. App. 89, 195 S.E. 2d 806 (1973); 62 Am. Jur. 2d *Process* § 42 (1972). Therefore, where service of process is had by leaving the summons and complaint with a person other than the named defendant the substitute person must be a "person of suitable age and discretion," who lives with defendant in his "dwelling house or usual place of abode," and the summons must be left with the substitute person *at their* usual place of abode. If delivery is made elsewhere the service is invalid. *See Tart v. Hudgins,* 58 F.R.D. 116 (M.D. N.C. 1972), a case in which delivery of summons and complaint to defendant's wife at his place of business instead of at his dwelling house or usual place of abode was held not to meet the requirements of the personal service rule prescribed by either Fed. R. Civ. P. 4(d)(1) or N.C. G.S. 1A-1, Rule 4(j). Service upon a defendant's wife at her own home, where she had lived apart from her husband following their legal separation three years earlier, has also been held to be invalid under Fed. R. Civ. P. Rule 4(d)(1). *Williams v. Capital Transit Co.,* 215 F. 2d 487 (D.C. Cir. 1954). Service upon a defendant's mother in a car far removed from their usual place of abode was held inadequate in *Williams v. Hartis, supra.*

[2] The better practice, then, would be for the sheriff to state explicitly in his return of service that the place where the summons was left was the dwelling house or usual place of abode of both the named defendant and "the person of suitable age and discretion" to whom he delivered the summons. However, we think the return of service in this case substantially complied with the requirements of Rule 4. It is stated therein that summons was left with defendant's mother at Route 3, Box 187 and that she "is a person of suitable age and discretion . . . who resides in the defendant's dwelling house or usual place of abode." In the summons, defendant's address is given as Route 3, Box 187, Weaverville, North Carolina. On its face the return at most is ambiguous, but even so it does not reveal facts which would constitute false or incomplete service.

Defendant's affidavit, submitted in support of his motion to dismiss the judgment for lack of valid service of process, states that Mrs. C. Ray is his mother and that she resides at Route 3, Box 187, Weaverville, North Carolina. Thus the ambiguity is resolved by defendant's own affidavit. It is clear that, since service was had upon defendant's mother at Route 3, Box 187, Weaverville, North Carolina, it was had at her dwelling.

The return further states Mrs. Ray resides in the defendant's dwelling house. The conclusion is inescapable; according to the return, service was had *at* defendant's dwelling house. Thus, on its face, the return was proper.

[3] Defendant's second challenge to the validity of the purported service of process upon him is based on a single affidavit, his own. In it he avers that the sheriff's return of service erroneously stated that his dwelling house or usual place of abode was located at Route 3, Box 187, Weaverville, North Carolina; that this address was not then, nor had it been for many years, his dwelling or usual place of abode.

If, in fact, the summons and complaint were not served upon defendant as prescribed by G.S. 1A-1, Rule 4(j)(1)(a), the default judgment of 1 March 1973 and the judgment of 27 September 1973 assessing damages against him are void and must be set aside. *North State Finance Co. v. Leonard,* 263 N.C. 167, 139 S.E. 2d 356 (1964). However, "[w]hen the return shows legal service by an authorized officer, nothing else appearing, the law presumes service. The service is deemed established unless, upon motion in the cause, the legal presumption is rebutted by evidence upon which a finding of nonservice is properly based. . . . Service of process, and the return thereof, are serious matters; and the return of a sworn authorized officer should not 'be lightly set aside.' . . . Therefore, this Court has consistently held that an officer's return or a judgment based thereon may not be set aside unless the evidence consists of more than a single contradictory affidavit (the contradictory testimony of one witness) *and* is clear and unequivocal." *Harrington v. Rice,* 245 N.C. 640, 642, 97 S.E. 2d 239, 241 (1957); 6 Strong's N.C. Index 2d *Process* § 4 (1968).

The sheriff's return imports truth, and it "cannot be overthrown or shown to be false by the affidavit, merely, of the person upon whom the service is alleged to have been made. It has often been held that the return of a ministerial officer, as to what he has done out of court, is *prima facie* true, and cannot be contradicted by a single affidavit [or witness]. . . . It would be oath against oath, and we could not well say with whom was the truth." *Burlingham v. Canady,* 156 N.C. 177, 179, 72 S.E. 324, 325 (1911).

The foregoing rule evolved to avoid the spectacle of such a confrontation between a party to an action and a public officer

sworn to perform the duties of his office according to law. *See North State Finance Co. v. Leonard*, 263 N.C. 167, 139 S.E. 2d 356 (1964); *Kleinfeldt v. Shoney's, Inc.*, 257 N.C. 791, 127 S.E. 2d 573 (1962); *Bolton v. Harrison*, 250 N.C. 290, 108 S.E. 2d 666 (1959); *Lucas v. Board of Commrs. of Beaufort County*, 208 N.C. 699, 182 S.E. 328 (1935); *Glass v. Moore*, 195 N.C. 871, 142 S.E. 585 (1928); *Long v. Town of Rockingham*, 187 N.C. 199, 121 S.E. 461 (1924); *Lake Drainage Commrs. v. Spencer*, 174 N.C. 36, 93 S.E. 435 (1917); *Mason v. Miles*, 63 N.C. 564 (1869).

The rule that an officer's return of service may not be set aside upon the contradictory testimony of one witness does not place an undue burden on a person who in truth has not been legally served. In our view, it would be a rare occasion when a party who had not been served in accordance with the legal requirements would be unable to corroborate his testimony. In this case, for example, if defendant had lived, worked, and voted in Tennessee since February 1963 surely his neighbors, employer, and the registrar of voters would have been among those available to corroborate his allegation that he was a resident of that state. Under those circumstances, his mother would undoubtedly have given her affidavit that on 16 May 1973 defendant was not living with her at Box 187 on Route 3, Weaverville, N.C. Defendant, however, produced no such corroboration. The single affidavit contradicting the sheriff's return was his own. His motion therefore was properly denied.

Finally, defendant contends that the rule stated in *Harrington v. Rice, supra*, and the cases cited therein is outmoded and contrary to the practice in the federal courts, whose Fed. R. Civ. P. Rule 4(d)(1) governing service of process on an individual is substantially equivalent to our G.S. 1A-1, Rule 4(j) (1)a. Our examination of federal cases belies this contention.

Although our perusal of pertinent federal decisions has not disclosed an explicit requirement of a minimum of two affidavits to impeach a sheriff's return of service, it appears that federal law generally is in accordance with the familiar rule that "the officer's return upon the summons imports verity" and the presumption "can be overcome only by strong and convincing evidence." *Hicklin v. Edwards*, 226 F. 2d 410, 414 (8th Cir. 1955); *Cleaves v. Funk*, 76 F. 2d 828 (10th Cir. 1935). *Accord, Lavino v. Jamison*, 230 F. 2d 909 (9th Cir. 1956); *Hill*

*v. Sands,* 403 F. Supp. 1368 (N.D. Ill. 1975); *Halpert v. Appleby,* 23 F.R.D. 5 (S.D. N.Y. 1958); *Publix Food Market, Inc. v. Bear,* 156 F. Supp. 274 (D. Mass. 1957); 4 Wright & Miller, Federal Practice and Procedure ¶ 1130 (1969); 2 Moore's Federal Practice § 4.43 (1970). *See* 62 Am. Jur. 2d *Process* § 181 (1972).

Defendant in this case has given us no reason to abandon the rule stated in *Harrington v. Rice, supra,* and similar cases, and we adhere to it. As an English Court said with reference to another doctrine, it "is grown revered by age, and it is not now to be broken in upon." *Jee v. Audley,* 1 Cox 324, 325, 29 Eng. Rep. 1186, 1187 (1787).

Accordingly, the decision of the Court of Appeals is reversed. The case will be remanded to the District Court of Buncombe County with directions that the default judgment from which defendant appealed be reinstated.

Reversed.