NANCY GIBBY, INDIVIDUALLY, RUSSELL GIBBY, INDIVIDUALLY, AND AS EXECUTOR OF THE ESTATE OF JOSHUA J. GIBBY, PLAINTIFFS v. AARON LINDSEY, JASON HUSKEY, AND JOSH McHAN, DEFENDANTS

No. COA01-173

(Filed 19 March 2002)

**1. Process and Service— dwelling or usual place of abode— officer's return of summons—default judgment**

The trial court did not err in a wrongful death action by denying defendant's motion to set aside a default judgment in the amount of $3,000,000 even though defendant alleges there was insufficient service of process based on his mother's residence no longer being his dwelling house or usual place of abode when plaintiffs served the summons and complaint by leaving it with defendant's mother on 26 August 1999, because: (1) the officer's return of the summons indicates legal service under N.C.G.S. § 1A-1, Rule 4(j)(1)a, thus giving rise to a presumption of valid service of process; and (2) the evidence failed to establish clearly and unequivocally that defendant had assumed a new dwelling or usual place of abode by 26 August 1999.

**2. Judgments— default—motion to set aside**

The trial court did not err in a wrongful death action by denying defendant's motion under N.C.G.S. § 1A-1, Rule 60(b)(4) to set aside a default judgment in the amount of $3,000,000, because: (1) the trial court was presented with no factual allegations on the factors of mistake, inadvertence, surprise, or excusable neglect; and (2) defendant's motion to set aside the default judgment did not address the requirements, but merely asserted that defendant had not been served with process.

Appeal by defendant from order filed 15 September 2000 by Judge Dennis J. Winner in Swain County Superior Court. Heard in the Court of Appeals 19 February 2002.

*Brown & Moore, P.A., by James H. Moore, Jr., for plaintiff-appellees.*

*Van Winkle, Buck, Wall, Starnes and Davis, P.A., by Carolyn Clark, for defendant-appellants.*

GREENE, Judge.

Aaron Lindsey (Defendant) appeals an order filed 15 September 2000 denying his motion to set aside a default judgment against him in the amount of $3,000,000.00.

On 28 July 1999, Russell Gibby, individually and as the executor of the estate of Joshua J. Gibby (Joshua), and Nancy Gibby (collectively Plaintiffs) filed a complaint for the recovery of damages for the wrongful death of their son Joshua. On 26 August 1999, the Swain County Sheriff's Department served the summons and complaint on Defendant by leaving a copy of these documents at the residence of Vicki Craig (Craig), Defendant's mother, with whom Defendant was presumed to be living. The return of service noted the summons and complaint had been served "[b]y leaving [them] at the dwelling house or usual place of abode of [Defendant] with a person of suitable age and discretion then residing therein." On 30 September 1999, the clerk of court signed an entry of default against Defendant. The trial court entered a default judgment in the amount of $3,000,000.00 on 9 February 2000, which it signed on 10 March 2000 and filed 22 March 2000. On 9 March 2000, Defendant filed a motion to set aside the default judgment based on N.C. Gen Stat. § 1A-1, Rules 55(d)[1] and

1. Although Defendant cites N.C. Gen. Stat. § 1A-1, Rule 55(d) (permitting entry of default to be set aside upon good cause shown) in his motion to set aside the default

60(b)(1) and (6), alleging Defendant was not served with process. Defendant and Craig submitted to depositions that were subsequently filed with the trial court.

In his deposition, Defendant testified he had moved to South Carolina on or about 1 August 1999 and no longer lived with Craig at the time she accepted the summons and complaint for Defendant at her residence on 26 August 1999. At this time, Defendant was eighteen years old. When Defendant left, he only took some of his clothes with him and did not tell Craig that he was leaving. Defendant stayed in South Carolina with his aunt and uncle and worked at a restaurant before returning to North Carolina several months later to respond to the default judgment against him. Defendant did not have his mail forwarded to South Carolina. In fact, he only received one piece of mail during this time, a birthday card from his grandfather. Defendant did not have a bank account or any bills until November 1999 when he bought a truck. On 24 January 2000, Defendant obtained a South Carolina driver's license, replacing his North Carolina driver's license that listed Craig's address as his residence. Defendant indicated he considered Craig's residence his "home." He also admitted he had no intentions of staying with his relatives in South Carolina for any length of time.

Craig's deposition testimony revealed that when asked by the deputy serving the summons and complaint if her residence was considered Defendant's "primary residence," she responded "yes." The day after the summons and complaint had been left with her, she telephoned the sheriff's department and spoke with Sheriff Bob Ogle (Ogle). Craig told him she was not comfortable having the papers delivered to her because she did not know her son's whereabouts. She asked Ogle what she should do, and Ogle directed her to mail them to the sheriff's department. Craig did not want to mail the papers, so she delivered them personally to the sheriff's department.

On 15 September 2000, the trial court filed an order denying Defendant's motion to set aside the default judgment.

---

The issues are whether: (I) Defendant presented sufficient evidence to rebut the presumption that he had been served at his "dwelling house or usual place of abode" pursuant to N.C. Gen. Stat.

---

judgment, he did not move to set aside the entry of default. Accordingly, we do not review whether entry of default was proper.

§ 1A-1, Rule 4(j)(1)a; and (II) the default judgment should be set aside pursuant to N.C. Gen. Stat. § 1A-1, Rules 60(b)(1) and (6).

I

[1] A defendant may be relieved from a final judgment, including a default judgment, if the judgment is void. N.C.G.S. § 1A-1, Rule 60(b)(4) (1999). "A defect in service of process is jurisdictional rendering any judgment or order obtained thereby void." *Thomas v. Thomas*, 43 N.C. App. 638, 645, 260 S.E.2d 163, 168 (1979) (citing *Sink v. Easter*, 284 N.C. 555, 561, 202 S.E.2d 138, 143 (1974)). Service of process upon a natural person is perfected "[b]y delivering a copy of the summons and of the complaint to him or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein." N.C.G.S. § 1A-1, Rule 4(j)(1)a (1999). Defendant contends the default judgment against him is void because service of process was defective in that Craig's residence was no longer his dwelling house or usual place of abode when Plaintiffs served the summons and complaint by leaving it with Craig on 26 August 1999. We disagree.

In this case, the officer's return of the summons indicates legal service under Rule 4(j)(1)a, thus giving rise to a presumption of valid service of process. *Guthrie v. Ray*, 293 N.C. 67, 71, 235 S.E.2d 146, 149 (1977). The burden is on Defendant to rebut this presumption by clear and unequivocal evidence that consists of more than a single contradictory affidavit or the contradictory testimony of one witness. *Id.*

Defendant left without telling Craig where he was going and had only taken along some of his clothes, leaving his remaining possessions behind. Until Defendant obtained a South Carolina driver's license on 24 January 2000, Defendant used his North Carolina driver's license listing Craig's address as Defendant's residence. Defendant did not have his mail forwarded to South Carolina, nor did he have a bank account or any bills until November 1999 when he bought a truck. Even more significantly, Defendant considered Craig's residence his "home" and admitted he had no intentions of staying with his relatives in South Carolina for any length of time. In addition, Craig testified that even though she did not know where her son was at the time she accepted service of process for him at her residence, her home was Defendant's primary residence. As such, the evidence fails to establish clearly and unequivocally that Defendant had assumed a new dwelling house or usual place of abode by 26

August 1999. *See Guthrie,* 293 N.C. at 71, 235 S.E.2d at 149. Because Defendant failed to meet his burden under *Guthrie,* the trial court did not err in denying his motion to set aside the default judgment.

II

**[2]** Defendant further argues the trial court's 15 September 2000 order completely failed to address Defendant's motion to set aside the default judgment under N.C. Gen. Stat. § 1A-1, Rule 60(b)(1) and (6). Rule 60(b) permits a trial court to relieve a party from a final judgment, order, or proceeding based on "mistake, inadvertence, surprise, or excusable neglect," N.C.G.S. § 1A-1, Rule 60(b)(1) (1999), or "[a]ny other reason justifying relief from the operation of the judgment," N.C.G.S. § 1A-1, Rule 60(b)(6) (1999). In order for a defendant to succeed in setting aside a default judgment under Rule 60(b)(6), he must show: (1) extraordinary circumstances exist, (2) justice demands the setting aside of the judgment, and (3) the defendant has a meritorious defense. *State ex rel. Envtl. Mgmt. Comm. v. House of Raeford Farms,* 101 N.C. App. 433, 448, 400 S.E.2d 107, 117, *disc. review denied,* 328 N.C. 576, 403 S.E.2d 521 (1991).

In this case, the trial court was presented with no factual allegations on the factors of mistake, inadvertence, surprise, or excusable neglect. Defendant's motion to set aside the default judgment also did not address the requirements set out in *House of Raeford Farms. See id.* Defendant merely asserted he had not been served with process. As discussed in section I of this opinion, this is an allegation that is properly addressed by a motion under Rule 60(b)(4) and was correctly considered and decided as such by the trial court.

Affirmed.

Judges McGEE and THOMAS concur.