QUESSIE BROWN, PLAINTIFF v. JOYCE DAVIS KING, DEFENDANT

No. COA03-1378

(Filed 7 September 2004)

## 1. Statutes of Limitation and Repose— rescission—fraud—mistake

The trial court did not err by denying defendant's motion to dismiss plaintiff's claims seeking rescission of the execution of mortgage and loan documents based on expiration of the three-year statute of limitations under N.C.G.S. § 1-52 on the ground of fraud or mistake, because: (1) although the fraudulent transactions occurred on 25 August 1995, plaintiff offered evidence that she did not learn of them until she was served with the notice of foreclosure on 18 July 2001 and she filed the instant action on 18 July 2001; and (2) the jury specifically found that plaintiff filed her claim before the statute of limitations expired.

## 2. Process and Service— in personam jurisdiction—process directed to another party to action

The trial court did not err by exercising in personam jurisdiction over defendant even though defendant alleges insufficient service of process based on the fact that she was served with process directed to another party to the action, because: (1) the only return of service in the court's file contained certification from the sheriff that defendant was served 14 August 2001; and (2) defendant failed to meet her burden to make an evidentiary showing or submit affidavits in support of her allegation.

## 3. Appeal and Error— preservation of issues—punitive damages—failure to argue—failure to assign error

Although defendant contends the trial court erred by awarding $95,000 in punitive damages based on the fact that the award was greater than the statutory limit of three times actual dam-

ages, this assignment of error is deemed abandoned because: (1) in her brief, defendant argues the court erred by awarding punitive damages for a nominal trespass on a life estate; and (2) defendant failed to argue this assignment of error and also failed to assign error to the issue actually argued in her brief. N.C. R. App. 10(a).

### 4. Costs; Damages and Remedies— attorney fees—punitive damages—election of remedies

The trial court did not err by awarding $34.381.90 in attorney fees to plaintiff for breach of fiduciary duty pursuant to N.C.G.S. § 75-16.1 even though plaintiff elected to seek punitive damages and an equitable remedy, because attorney fees and punitive damages serve different interests and are not based on the same conduct, there is no double redress for a single wrong, and plaintiff is not required to elect between them to prevent duplicitous recovery.

Appeal by defendant from judgments entered 14 May 2003 and 9 June 2003 by Judge Robert C. Ervin in the Superior Court in Mecklenburg County. Heard in the Court of Appeals 17 June 2004.

*Bledsoe & Bledsoe, P.L.L.C., by Louis A. Bledsoe, Jr., for plaintiff-appellee.*

*Lawrence U. Davidson, III, for defendant-appellant.*

HUDSON, Judge.

Defendant appeals judgments entered after trial by jury, which awarded $95,000 in punitive damages and $34,381.90 in attorney fees to plaintiff for breach of fiduciary duty. Defendant argues that the court erred in failing to dismiss the claims against her, in exercising *in personam* jurisdiction over her, and in awarding punitive damages and attorney fees to plaintiff. For the reasons discussed below, we disagree and affirm the judgments and awards.

The evidence tended to show that plaintiff Quessie Brown was born 9 April 1900. Plaintiff's husband and defendant Joyce Davis King's husband were friends and worked together at Mr. King's funeral home. After plaintiff's husband died, defendant befriended plaintiff and provided her assistance with such matters as transportation to the doctor and errand running. In November 1994, defendant offered to continue helping to assist plaintiff and to look

after her affairs for the rest of her life in exchange for plaintiff deeding her Charlotte home to defendant. On 15 November 1994, plaintiff deeded her home to defendant, reserving a life estate for herself. Plaintiff also executed a power of attorney naming defendant as her attorney-in-fact.

On 23 August 1995, defendant executed a personal loan note for $26,000 to Quality Mortgage USA, Inc., and a deed of trust on plaintiff's home as plaintiff's attorney-in-fact. Defendant used the proceeds in her funeral home business. Plaintiff did not learn about these transactions until 18 November 1999, when the sheriff served her with a Notice to Foreclose.

Defendant moved to dismiss. In denying the motion, the court found that service of process on defendant was sufficient as matter of law, and that defendant had made no evidentiary showing and submitted no affidavits in support of her motion. The jury found that the action was filed before the expiration of the statute of limitations, and that defendant took advantage of her position of trust and confidence to execute the mortgage and loan documents. The jury further found that defendant did not act openly, fairly and honestly in executing the transactions and that her conduct was the proximate cause of plaintiff's injury. Plaintiff elected to pursue her claim in rescission rather than as a claim for damages. The jury awarded punitive damages of $95,000 and the court granted additional equitable relief and attorney fees.

**[1]** Defendant first argues that the court erred in denying her motion to dismiss because plaintiff's claims are barred by the statute of limitations. We disagree.

The applicable statute of limitations for plaintiff's claim is three years. N.C. Gen. Stat. § 1-52 (2001). "For relief on the ground of fraud or mistake; *the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake.*" N.C. Gen. Stat. § 1-52 (9) (2001) (emphasis added); *see also Neugent v. Beroth Oil Co.*, 149 N.C. App. 38, 54, 560 S.E.2d 829, 839 (2002), *cert. denied*, 356 N.C. 675, 577 S.E.2d 628 (2003). Here, although the fraudulent transactions occurred on 25 August 1995, plaintiff offered evidence that she did not learn of them until she was served with the notice of foreclosure on 18 November 1999. Plaintiff filed the instant action on 18 July 2001. The jury specifically found that plaintiff filed her claim before the statute of limitations expired.

BROWN v. KING

[166 N.C. App. 267 (2004)]

**[2]** Defendant next argues that the court erred in exercising *in personam* jurisdiction over her. Defendant contends that she was served with process directed to another party to the action, and therefore, the court never obtained jurisdiction over her. We disagree.

Defendant contends that she was served with a summons actually directed upon the registered agent for DLJ Mortgage Accepting Corporation. However, the only return of service in the court's file contained certification from the sheriff that "Joyce King" was served 14 August 2001. The standard for proving nonservice in this exact circumstance has been addressed by our Supreme Court:

> When the return shows legal service by an authorized officer, nothing else appearing, the law presumes service. The service is deemed established unless, upon motion in the cause, the legal presumption is rebutted by evidence upon which a finding of nonservice is properly based. Upon hearing such motion, the burden of proof is upon the party who seeks to set aside the officer's return or the judgment based thereon to establish nonservice as a fact; and, notwithstanding positive evidence of nonservice, the officer's return is evidence upon which the court may base a finding that service was made as shown by the return.
>
> Service of process, and the return thereof, are serious matters; and the return of a sworn authorized officer should not be lightly set aside.
>
> Therefore, this Court has consistently held that an officer's return or a judgment based thereon may not be set aside unless the evidence consists of more than a single contradictory affidavit (the contradictory testimony of one witness) and is clear and unequivocal.

*Harrington v. Rice*, 245 N.C. 640, 642, 97 S.E.2d 239, 241 (1977) (internal quotation marks and citations omitted).

Here, defendant requested a hearing on her motion to dismiss based on an alleged insufficiency of process, which was filed with her unverified answer. The court denied the motion on grounds that defendant had failed to make an evidentiary showing or submit affidavits in support of her allegation. Because defendant failed to meet her burden of proof, the court's denial of her motion to dismiss was proper.

**[3]** Defendant next argues that the court erred in awarding punitive damages of $95,000. Defendant assigned error to "[t]he court's award-

ing punitive damages greater than the statutory limit of three times actual damages." In her brief, however, defendant argues that the court erred in awarding punitive damages for a nominal trespass on a life estate. Because defendant failed to argue her third assignment of error, we deem it abandoned. Because defendant failed to assign error to the issue actually argued in her brief, it is not properly before this Court. N.C.R. App. 10(a).

[4] Defendant next argues that the court erred in awarding attorney fees pursuant to N.C. Gen. Stat. § 75-16.1 when the plaintiff had elected to seek punitive damages and an equitable remedy. For the reasons discussed below, we disagree.

"Since [attorney fees and punitive damages] serve different interests and are not based on the same conduct, there is no double redress for a single wrong, and plaintiff is not required to elect between them to prevent duplicitous recovery." *United Lab. v. Kuykendall*, 335 N.C. 183, 193, 437 S.E.2d 374, 380 (1993). In that case, our Supreme Court discussed in detail the doctrine of election as it applies to attorney fees and punitive damages:

> One aspect of the doctrine of election of remedies is that a plaintiff may not recover inconsistent remedies. Remedies are inconsistent when one must necessarily repudiate or be repugnant to the other. Thus, a party may not sue for rescission of a contract and for its breach. Since recovering attorneys fees and punitive damages is not inconsistent, that aspect of the doctrine of election of remedies that precludes inconsistent remedies does not prevent plaintiff from recovering both.

> Another aspect of the doctrine of election of remedies is to prevent double redress for a single wrong. . . . To recover punitive damages at common law a plaintiff must show that the defendant acted in a willful or oppressive manner. To recover attorneys fees for unfair practices, however, the plaintiff must also show that "there was an unwarranted refusal by [the defendant] to fully resolve the matter which constitutes the basis of . . . the suit." N.C.G.S. § 75-16.1(1). Since recovery of attorneys fees requires proof different from that which gives rise to punitive damages, the claims do not arise from the same course of conduct.

> Furthermore, the policies behind recovering attorneys fees and recovering punitive damages are wholly different. Punitive dam-

ages are designed to punish willful conduct and to deter others from committing similar acts. The purpose of attorneys fees in Chapter 75, however, is to "encourage private enforcement" of Chapter 75.

*Id.* at 191-92, 379-80. Here, plaintiff was properly awarded both attorney fees and punitive damages based on the necessary findings by the court and jury.

Affirmed.

Judges GEER and THORNBURG concur.