SALIBY v. CONNERS

[171 N.C. App. 435 (2005)]

––––––––––––

ANDREW JOHN SALIBY, Plaintiff-Appellant v. CHRISTOPHER ROBERT CONNERS, Defendant-Appellee

No. COA04-1016

(Filed 5 July 2005)

**Process and Service— presumption of proper service—rebuttal—more than one affidavit**

    A defendant bears the burden of rebutting the presumption of valid service by more than a single contradictory affidavit. In this case, defendant submitted only testimony from his father that he had moved to Texas for a job; defendant's unverified answer did not serve as additional evidence rebutting the presumption of

proper service, and the trial court erred by granting defendant's motion to dismiss.

Appeal by plaintiff from order entered 13 May 2004 by Judge Stafford G. Bullock in Superior Court, Wake County. Heard in the Court of Appeals 23 March 2005.

*Patterson, Dilthey, Clay, Bryson, & Anderson, L.L.P., by Reid Russell, for plaintiff-appellant.*

*Larcade & Heiskell, PLLC, by Christopher N. Heiskell, for defendant-appellee.*

McGEE, Judge.

Andrew John Saliby (plaintiff) filed suit against Christopher Robert Conners (defendant) on 23 September 2003 to recover damages for injuries sustained in a motor vehicle collision. Wake County Deputy Sheriff S.R. Williamson (Deputy Williamson) served the summons on defendant's father, Wayne G. Conners (Mr. Conners), at defendant's residence at 1028 Wintu Court, in Raleigh, North Carolina (the residence) on 30 September 2003. Mr. Conners accepted the summons and subsequently faxed it to defendant in Houston, Texas. Mr. Conners also faxed the summons to defendant's automobile insurance company.

Defendant filed an answer, which included a motion to dismiss plaintiff's action for insufficient process and insufficient service of process pursuant to Rules 12(b)(4) and (5) of the North Carolina Rules of Civil Procedure. N.C. Gen. Stat. § 1A-1, Rule 12(b)(4) and (5) (2003). A hearing on defendant's motion to dismiss was held on 21 April 2004. Deputy Williamson testified at the hearing that prior to serving the summons, he asked Mr. Conners if defendant lived at the residence. Mr. Conners replied in the affirmative. Mr. Conners testified that defendant had moved from the residence to Houston, Texas in early June 2002 to accept a new job, but Mr. Conners stated he was unsure whether he had relayed this information to Deputy Williamson. Defendant presented only the testimony of Mr. Conners in support of his motion to dismiss. The trial court granted defendant's motion, dismissing plaintiff's complaint without prejudice for insufficient process and insufficient service of process. Plaintiff appeals.

Plaintiff argues that the trial court erred in granting defendant's motion to dismiss because the presumption of valid service can-

SALIBY v. CONNERS

[171 N.C. App. 435 (2005)]

not be overcome by the testimony of just one witness. We agree. Service may be made on a natural person "[b]y delivering a copy of the summons and of the complaint to him or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein." N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(a) (2003). Our Supreme Court has consistently held that "[w]hen the return shows legal service by an authorized officer, nothing else appearing, the law presumes service." *Harrington v. Rice*, 245 N.C. 640, 642, 97 S.E.2d 239, 241 (1957) (stating "[s]ervice of process, and the return thereof, are serious matters; and the return of a sworn authorized officer should not 'be lightly set aside.' ") (quoting *Burlingham v. Canady*, 156 N.C. 177, 179, 72 S.E. 324, 325 (1911)); *see also Smathers v. Sprouse*, 144 N.C. 637, 638, 57 S.E. 392, 393 (1907).

"[A]n officer's return of service may not be set aside unless the evidence consists of more than a single contradictory affidavit (the contradictory testimony of one witness) *and* is clear and unequivocal." *Id.* A defendant thus bears the burden of rebutting the presumption by evidence that consists of more than a single contradictory affidavit. *See id.*; *see also Grimsley v. Nelson*, 342 N.C. 542, 545, 467 S.E.2d 92, 94 (1996); *Guthrie v. Ray*, 293 N.C. 67, 71, 235 S.E.2d 146, 149 (1977); *Burlingham*, 156 N.C. at 179, 72 S.E. at 325.

Defendant has not met his burden in the present case. Deputy Williamson's return of the summons indicates legal service under Rule 4(j)(1)(a), which results in a presumption of valid service of process. *See Gibby v. Lindsey*, 149 N.C. App. 470, 473, 560 S.E.2d 589, 592 (2002) (citing *Guthrie*, 293 N.C. at 71, 235 S.E.2d at 149). Defendant submitted only Mr. Conners's affidavit to rebut this presumption.

Defendant argues that his motion and answer, when combined with Mr. Conners's affidavit, can serve as additional evidence that rebuts the presumption of proper service. However, our Court in affirming a trial court's denial of a defendant's motion to dismiss for insufficient service of process where only an unverified answer was filed, emphasized the *Harrington* requirement that more than a single contradictory affidavit is required to show improper service. *Brown v. King*, 166 N.C. App. 267, 270, 601 S.E.2d 296, 298 (2004). In *Brown*, we held the defendant failed to meet the evidentiary burden necessary to show improper service. *Id.* In the case before us, defendant's argument that his unverified answer supplemented

Mr. Conners's affidavit as evidence of insufficient process is without merit.

We need not examine the second requirement in *Harrington* that the evidence must be "clear and unequivocal," *see Harrington*, 245 N.C. at 642, 97 S.E.2d at 241, since defendant's evidence was not "more than a single contradictory affidavit" in support of his motion to dismiss. Because defendant failed to rebut the presumption of valid service, the trial court erred in granting his motion to dismiss.

Reversed.

Judges BRYANT and STEELMAN concur.